John McKechney and John McKechney, Jr., surviving
   partners of Weir, McKechney & Company, Appel-
   lants, v. City of Chicago, Appellee.

Gen. No. 19,879.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-
WOOD HONORE, Judge, presiding. Heard in this court at the October
term, 1913. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by John McKechney and John McKechney,
Jr., as surviving partners of the firm of Weir, McKech-
ney & Company, plaintiffs, against the City of Chicago,
defendant, in the Circuit Court of Cook county.

The action was a bill to vacate a judgment in favor
of plaintiffs for one dollar and costs, and for a new
trial, on the ground that the judgment was procured by
fraud, and by the perjured testimony of defendant's
witnesses. The cause of action on which the judgment
complained of was entered was the construction, by
plaintiffs' firm, of a tunnel in the city of Chicago,
known as the "Northwest Land Tunnel," under con-
tracts with defendant. Previous litigation in the case
is found in the cases of *City of Chicago v. McKechney,*
91 Ill. App. 442, rev'd 205 Ill. 372; *McKechney v. City
of Chicago,* 160 Ill App. 544.

The main issue at the trial resulting in the judgment
complained of was the character and kind of earth ex-
cavated in constructing the tunnel. The bill alleged
want of knowledge at the time of trial of the fraud and
perjured testimony, and that no access could be had
by plaintiffs to the tunnel to procure evidence for use
at the trial. It also appeared on the face of the bill
that plaintiffs had full knowledge of the fraud and per-
jured testimony complained of, more than two and one-
half years before the bill was filed, and further, that

the time allowed for suing out a writ of error had expired before such filing.

It was nowhere alleged that any attempts were made to procure evidence from those engaged in constructing the tunnel, or that city officials were summoned as witnesses, or that process was asked to compel the production of city documents. It was not alleged that any examination of the earth was made by competent persons, after it was hoisted to the surface, nor did any matter appear in the bill in excuse of the delay in filing the bill. The defendant demurred generally, and the demurrer was sustained. From a decree dismissing the bill for want of equity, plaintiffs appeal.

ADAMS, CREWS, BOBB & WESTCOTT, for appellants; MADGE HARTMAN, of counsel.

WILLIAM H. SEXTON, for appellee; BRYAN Y. CRAIG, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. EQUITY, § 78*—*when laches shown.* Plaintiffs who fail to use reasonable diligence to bring their bill after knowledge of the facts on which they base their claim to relief are guilty of laches.

2. JUDGMENT, § 339*—*when bill to impeach judgment barred by laches.* In a bill to impeach a judgment for fraud and perjured testimony, where plaintiffs did not file their bill until more than two and one-half years after knowledge of the facts, *held* that plaintiffs were guilty of laches.

3. EQUITY, § 95*—*how laches may be taken advantage of.* Laches appearing on the face of the bill may be taken advantage of by either general or special demurrer, and a demurrer to such a bill is properly sustained.

4. JUDGMENT, § 339*—*what excuse for laches in impeaching judgment required.* Want of diligence in bringing a bill to impeach a judgment for fraud and perjured testimony will not be excused

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

except for the most cogent and imperative reasons, which must be clearly averred in the bill.

5. JUDGMENT, § 339*—*when bill to impeach barred by lapse of time.* A court of equity will not entertain a bill to impeach a judgment for fraud after the expiration of the time allowed by statute for suing out a writ of error.

6. JUDGMENT, § 343*—*what bill to impeach must show to rebut claim of laches.* In a bill to impeach a judgment for fraud and perjured testimony, mere disclaimer of knowledge of the fraud and perjured testimony is not enough to show diligence for the reason that the bill must allege reasonable efforts to procure knowledge, which efforts were abortive.

7. JUDGMENT, § 343*—*when bill to impeach for perjured testimony insufficient.* In a bill to impeach a judgment on the ground that it was obtained by perjured testimony, where the main question at the trial on which the judgment was rendered was the character and kind of soil excavated in constructing a tunnel, an allegation that before the time of the trial parties complaining of the judgment could not obtain access to the tunnel to obtain evidence with which to overcome the perjured testimony complained of is a mere conclusion, founded on no particular averment of facts supporting it, and has no tendency to excuse an apparent want of diligence to secure such evidence, as it is clear that in construction of a tunnel many persons must have been engaged, from whom evidence could have been obtained by the use of due diligence, and because the earth excavated must have been raised to the surface where an examination of its character could have been made by competent persons.

8. JUDGMENT, § 312*—*when diligence not shown to sustain bill to impeach.* In a bill to impeach a judgment on the ground that it was obtained by perjured testimony, failure of parties complaining of the judgment to take advantage, in time for use at the trial, of means readily available to secure evidence with which to overcome the perjured testimony complained of, and which means would probably have procured the necessary testimony, is such a want of due diligence as will prevent a court of equity from entertaining a bill to set aside the judgment, and grant a new trial.

9. JUDGMENT, § 328*—*when perjured testimony not ground for equitable interference.* The fact that a judgment is obtained by means of perjured testimony is not sufficient ground either for vacating the judgment or for restraining its enforcement.

10. JUDGMENT, § 321*—*what necessary to warrant equitable interference with.* A court of equity will entertain a bill to impeach, for fraud, a judgment between the same parties only where the fraud complained of is extrinsic or collateral.

11. JUDGMENT, § 321*—*what constitutes collateral fraud on bill to impeach.* Extrinsic or collateral fraud, as applied to a bill to impeach a judgment for fraud, consists in fraudulent acts which, in fact, prevent the unsuccessful party from having a trial.

12. JUDGMENT, § 328*—*when duty of party to guard against perjured testimony.* A party must be prepared to meet and expose perjured testimony which is offered at the trial.

13. JUDGMENT, § 321*—*what is intrinsic fraud on bill to impcach.* Intrinsic fraud, as applied to a bill to impeach a judgment for fraud, is fraud which is confined to matters in evidence at the trial resulting in the judgment complained of.

14. JUDGMENT, § 321*—*when judgment not impeached in equity for intrinsic fraud.* A court of equity will not entertain a bill to impeach, for fraud, a judgment between the same parties where the fraud complained of is intrinsic.