Hemphill, Oil. J.
It would bo both tedious and unprofitable, to explore all the grounds assigned for error. The merits of the controversy lie in a narrow compass. The principal question in the case is as to the extent of the authority of the commissioners in the partition. They were, in couformily with the decree, authorized apd required by their commission to divide all of the property, real and personal, choses in possession and dioses in action, and all property whatever possessed or owned by the defendant at the institution of the suit on the 22d September, 1849. This was the extent of their authority, and they wore neither required nor could they be permitted to go further. Whatever may have been the cause of the omission, it is very clear 1 hat. no provision is made by the decree for the division of the increase of the property subsequent to the commencement of the suit. The decree is circumscribed, anil the authority of the commissioners restricted in its operation to the property in possession of the defendant at the, commencement of the action. The jury in the original cause found that there was no separate property; consequently all the property in possession of either party at the commencement of the *267 suit, or subsequently acquired by natural increase, or by rents, profils, or by purchase, belonged to the community, and were, perhaps, subject to an equal division between the parties, under such modifications as might, under certain circumstances, having due regard to the rights of children, be made. But the decree provides only for the division of property in possession of defendant at the institution of suit; and so far as the commissioners attempted to divide other property, they transcended the limits of their authority, and their action cannot be sustained.
The next question is, whether the commissioners or the court were restricted bjr the decree to such property alone as was claimed by the plaintiff in her petition as community property, or as was embraced in the inventory and ap-praisement by the commissioners appointed for that purpose.
Unquestionably, where there is a dispute involving rights to property, and this is terminated by an order for distribution, and commissioners for partition appointed, they, as guides for their action, would generally refer to the pleadings to ascertain what property had been in controversy; and by the usual form of such decree they would he restricted to the division of such property as was specified in the pleadings, or some terms of equivalent import, conveying a definite idea of the exact property to be divided. But the terms of this decree are quite comprehensive, embracing all the property owned or claimed by the defendant at a period named, without limitation, to the effect that the property to be divided was mentioned or described in the pleadings.
Where a party claims property consisting of various articles, which he attempts to enumerate, in order that all of the constituents of his claim be presented for adjudication, the judgment or decree would generally preclude further controversy in relation to'matters which should have been properly oi necessarily embraced in the pleadings and judgment in the first litigation; hut tliis rule is subject, to exceptions. It would not, for instance, debar the party from claiming property which had been fraudulently concealed by the other party or prevented by his fraud from being brought forward for disposition by the decree; nor, in a ease like the present, would a married woman suing for separation of property be concluded and restricted to the articles claimed specifically in her pleadings. In such case there is no presumption that the wife lias full knowledge of the property to which she has a claim. The inference would be unreasonable.
The law invests the husband with the management of all the property in which the wife has an interest. The incapacity of the wife during matrimony is presumed. From this legal fiction she suffers many evils, and she is entitled to its immunities; at least in all cases -where they are not invoked to shield the perpetration of gross frauds on the rights of others. She could not rationally he supposed to be fully cognizant of the extent or description of the community property ; and she cannot be concluded, if the whole of such prop-property ho not described in her pleadings.
Nor is the inventory conclusive. Tbis'is made for the benefit of the wife; and the husband, for the information of the commissioners, should be required to make a full exhibit of the property. He may be concluded by tlie acts of the appraisers, but not so the wife. The concealment of property by the husband, or the refusal or neglect of commissioners to insert it in the inventory, cannot prejudicio the rights of the wife; for the law protects such as labor under incapacities and sueltas are' defrauded, and not those who commit fraud.
If (lie inventory were, regarded as conclusive, the husband should account for the negro woman and the twelve horses included therein ; but, by the verdict, he is relieved from charge as to the former, and the twelve horses are reduced to eight. The pleadings also describe property claimed by the wife in her separate right, but which was adjudged to the community; and this was not divided by the commissioners.
Upon the whole, we conclude that the wife was not estopped by her allegations from showing that other property belonged to the community. *268 But the inquiries and action of tiie commissioners and court under the decree must be restricted to the property possessed or owned by the defendant at the commencement of the suit. If he owned or possessed more than three hundred and thirty-three head of cattle at that time, the wife is entitled to her share of tiie excess. Tiie inquiry, however, cannot extend to tiie number of cattle owned by him at tiie date of the decree for division. The terms of tiie judgment do not authorize such inquiry. Its mandate is restricted to such property as was possessed or owned at tiie date of the suit, and not of the decree. Nor do the allegations of the supplemental petition aver, with auy distinctness, that there was a mistake in tiie decree, or, whether there be a mistake or not, that the wife was entitled and claimed her share of (lie community property, as well Unit in possession at the commencement of tiie suit as that acquired subsequently, whether by natural increase, or otherwise. Whether such allegations, by way of supplement or by original petition, be sustainable in law, it is not material to decide; but, without such, the inquiry must be limited to the property owned or possessed on Hie 22d September, 1849; and within that range it will embrace all such property, whether included in the pleadings or otherwise. Under this view of tiie case it will be unnecessary to express any opinion on many points suggested by the assignments of error.
In the course of the proceedings the defendant admitted that if there existed such property as the labor and scrip, it was subject to division ; and there was evidence as to the number of horses in 1849. No question can arise in relation to the sales in tiie present state of the controversy, unless the defendant should refuse to produce tiie number of cattle owned or possessed by him in September, 1849.
The first instruction asked by the defendant is incompatible with his exception to tiie report and his pica to tiie supplemental petition. Títere must be some mistake in relation to the instruction. Tiie appellant, notwithstanding the instruction, still insisted in his argument that no more entile could have been divided than the number shown by the pleadings to have been in possession of tiie defendant at tiie commencement of tiie suit. And .tiie appel-lee does not contend that such ground, as to the increase of tiie cattle, was surrendered by tiie defendant, from his own instructions.
It is ordered, adjudged, and decreed that that portion of the decree confirming the report of the commissioners so far as they have divided tiie property and delivered tiie possession of one half of tiie same to Margaret T. Wright, or her agent, without prejudice to tiie claim of tiie said plaintiff to other community prope.rty.be affirmed iu all its parts, except as to the division of tiie cattle as reported by the commissioners; and in this particular their report, is not affirmed, and the District Court is required 't.o adopt' such proceedings as will cause a division of the number of cattle in possession of the defendant or owned by him at the commencement of the suit, and make such orders as may do justice between the parties in the premises, without prejudice to'any claim which tiie plaintiff may in law have to a division of tiie increase of such cattle, or of any other cattle acquired by either of tiie parties since tiie commencement of the suit and before the final affirmtiou of the decree of divorce and division of property.
And it is further ordered, adjudged, and decreed that such portions of the decree as directed the costs and expenses of tiie division of the property to be apportioned between the parties, and that adjudged a division of the labor of land aud the proceeds of the law suit against Wilkins Hunt, administrator of Alexander Dunlap, and eight horses, to be equally divided, be and tiie same are hereby affirmed ; and that all other portions of (lie decree be and the same are hereby reversed. And it is further ordered, adjudged, and decreed that the plaintiff do have and recover her costs from the defendant in tiie District Court expended, and that tiie costs of this court be equally divided between the parties.
Ordered accordingly.