## STATE et al. v. WRIGHT et al.
### No. 7930.

Court of Civil Appeals of Texas. Austin.

Jan. 11, 1933.

James V. Allred, Atty. Gen., and Neal Powers and R. G. Waters, Asst. Attys. Gen., for the State.

Fischer & Fischer, of Tyler, and Grady Sturgeon, of Austin, for respondents.

BAUGH, Justice.

This is an original proceeding brought in this court by the state and the Attorney Gen-

eral against V. O. E. and B. E. Wright, as defendants; F. W. and L. M. Fischer and Grady Sturgeon, as their attorneys; and W. A. Hutchison, as district judge, in effect, to prohibit them from interfering by injunction or otherwise with the levy of execution upon, and sale of, certain property situated in Gregg county, consisting of a refinery and accessories, under a judgment obtained in the district court of Travis county, in favor of the state against V. O. E. and B. E. Wright, and foreclosing a lien upon said property. The record discloses that on October 24, 1932, the state obtained, after a jury trial on the disputed issues, a judgment against the Wrights for $31,975.36, for unpaid taxes on gasoline distilled in said refinery and sold, sale of which was not reported to the state. Motion for new trial by defendants therein was overruled on November 17, 1932. Notice of appeal from that judgment was given and appeal bond filed in said court within 20 days thereafter. No supersedeas bond was given. Order of sale on said judgment was issued out of the Travis county district court on December 26, 1932, placed in the hands of the sheriff of Gregg county, Tex., who levied upon and took into his possession the property described in said judgment. On December 30, 1932, W. A. Hutchison, as special district judge of Lamar county, upon the application of the other respondents herein, issued a temporary mandatory injunction, restraining said sheriff of Gregg county from the execution of said order of sale, or any other like execution or order of sale, based upon said judgment, and commanding said sheriff to restore the possession of said property to the Wrights. Said temporary injunction, however, was made returnable to the next regular term of the district court of Travis county, wherein the original judgment was rendered. Thereupon the Attorney General applied to this court for the relief above indicated.

On January 2, 1933, this court granted to the relators a temporary prohibitory order as prayed for and set the cause for hearing on January 6, 1933. On that hearing the respondents answered, controverting the allegations of the relators, and asked that the relators' application herein be dismissed for want of jurisdiction. They also pleaded in their reply thereto another suit filed in the same district court in Travis county, in which the original judgment was rendered, seeking to vacate and set aside said judgment on the ground that such judgment was obtained through fraud and perjured testimony, alleging that such testimony on which said judgment, and the finding of the jury, was largely based, has since said trial been repudiated in writing by the state's principal witness, and declared by him to have been untrue; that foreclosure on said property under said judgment would work an irreparable injury to the respondents V. O. E. and B. E. Wright for

which they had no adequate remedy at law; and prayed that in any event this court grant to the Wrights a stay of execution of said judgment of the Travis county district court until the suit in equity to vacate same in said court has been heard upon its merits, or until this court has determined the appeal therefrom being prosecuted by the Wrights.

■ While the order of the district court of November 17, 1932, overruling the defendants' motion for a rehearing in the original case, recites that the court had under consideration an application for a stay of execution and that he deferred his decision on said application, no such application has been brought up with the record, nor does the defendants' motion for a new trial appear setting forth any grounds for such a stay order. That motion for rehearing was in all things overruled and notice of appeal given. So far as the record discloses, the judgment not having been superseded, nothing appears which would prevent the state from causing to be issued said execution and its levy upon the property under said judgment which it did cause to be done. 3 Tex. Jur. p. 373, § 264, and cases there cited.

■ And when the respondents V. O. E. and B. E. Wright gave notice of appeal, and filed their appeal bond in the trial court in said cause, the jurisdiction of this court attached and with it the concomitant power and authority to preserve that jurisdiction and protect the subject matter of the suit. Articles 2253 and 2267, R. S. 1925; Gordon v. Rhodes & Daniels (Tex. Civ. App.) 104 S. W. 786; Kennedy v. Wheeler (Tex. Civ. App.) 256 S. W. 315; Moore v. McLennan County (Tex. Civ. App.) 275 S. W. 478; 3 Tex. Jur. p. 284, § 189; p. 367, § 261.

The rule as stated in 3 Tex. Jur. p. 367, and sustained by the authorities there cited, is: "Perfection of an appeal transfers the entire controversy to the appellate court, and clothes it with plenary exclusive jurisdiction over the entire controversy, both as to the parties and the subject matter, subject only to the power of the trial court to modify or set aside its judgment before adjournment of the term."

■ Without further discussion, we think it is clear that the district court of Lamar county, a county far removed from the forum of the trial and also from the county wherein the property involved was situated, was wholly without authority, after said appeal was perfected to this court, to enter any order in any manner affecting the judgment appealed from, or interfering with the proceedings towards its execution authorized by law under said judgment. Our restraining order heretofore entered on January 2, 1933, in this cause will therefore be continued in force.

■ Respondents, however, in view of their separate suit pending in the district court of

Travis county to vacate and set aside said judgment on the allegations that same was procured by fraud and the perjured testimony of the witness Bartlett, have asked this court to stay execution on said judgment. Under the well-established rule of decision of this and other states, this requested stay must be denied. A trial court in the exercise of its equity powers, where a judgment has been obtained by fraud, has authority in a suit brought expressly for that purpose, where the same parties and the same subject-matter are involved, to grant such relief as against its former judgment as equity and justice demand. Overton v. Blum, 50 Tex. 417; McMurray v. McMurray, 67 Tex. 668, 4 S. W. 357; Peters v. Pursley (Tex. Civ. App.) 278 S. W. 229.

But the fraud which will authorize vacation by the court of its former judgment in such case must be what has been termed "extrinsic fraud." By that is meant fraud by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Such, for instance, as where he has been misled by his adversary by fraud or deception, did not know of the suit, or was betrayed by his attorney. In other words, fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert. "Intrinsic fraud" in the procurement of a judgment is not ground, however, for vacating such judgment in an independent suit brought for that purpose. And within that term is included such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed. While in some instances this may seem a harsh rule, on the other hand, if judgments are to be reopened and attacked on the grounds of false testimony introduced in their procurement, where neither party is prevented from asserting all his rights, it is obvious that there would be no end to suits by the losing parties, attempting to relitigate their controversies in this manner after they had already had their day in court, and their cause had already been once adjudicated. This rule was definitely laid down by the United States Supreme Court in U. S. v. Throckmorton, 98 U. S. 65, 25 L. Ed. 93, affirmed in Hilton v. Guyot, 159 U. S. 113, 16 S. Ct. 139, 40 L. Ed. 95, stated in 15 R. C. L. 770, 34 C. J. 280, Freeman on Judgments, § 489, and followed by the courts of this state in McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357; Warne v. Jackson (Tex. Civ. App.) 273 S. W. 315; Houston, E. & W. T. Ry. Co. v. Chambers (Tex. Civ. App.) 284 S. W. 1063; Reed v. Bryant (Tex. Civ. App.) 291 S. W. 605. The last-cited case contains an extensive discussion of this question and a review of the authorities. While there may be some expressions in the McMurray Case which might be construed as a limitation upon the rule in cases of perjured testimony, a careful analysis of that case shows that it is in harmony with the general rule; and the sufficiency of the petition to vacate therein was based upon the conclusion that the alleged fraud of the husband upon the wife was such, in conjunction with his perjured testimony, as to prevent her from presenting upon the trial her legal right in the premises.

We find nothing in respondents' petition to vacate the judgment assailed which charges that the state or any of its agents prevented them in any manner from being present and asserting upon the trial any and all rights and defenses to which they were entitled. Nor that any agent of the state testified falsely. The application does charge that the agent of the state did elicit the testimony of Bartlett knowing it to be false, but that is not sufficient. In Reed v. Bryant, it was charged not only that Reed himself swore falsely, but that he knowingly induced others to do likewise, a much stronger state of facts than that alleged by respondents; but the court held it insufficient and within the rule above announced. Under this line of cases we conclude that respondents' petition to vacate the original judgment of the Travis county district court does not state, assuming all the allegations therein to be true, sufficient grounds for the relief asked for. It follows, therefore, that we cannot grant to the respondents the stay order prayed for. Our former restraining order issued herein on January 2, 1933, is therefore continued in full force and effect; and the application of the respondents V. O. E. and B. E. Wright to stay execution on the judgment in favor of the state against them in the district court of Travis county, Tex., is in all things denied.

Application to stay execution denied.