## O'MEARA v. O'MEARA et al.

### No. 11419.

Court of Civil Appeals of Texas.
San Antonio.

June 21, 1944.

Rehearing Denied July 19, 1944.

Hardin & Hardin, of Edinburg, and Taylor, Wagner & Taylor, of Brownsville, for appellant.

L. Hamilton Lowe and Kelley & Looney, all of Edinburg, and Chas. E. Thompson, of McAllen, for appellees.

MURRAY, Justice.

This is a suit in the nature of a bill of review instituted by Belle Cavender O'Meara against her former husband, Ira O'Meara, and one Ella Staley, seeking to set aside a portion of a judgment theretofore rendered on July 23, 1941, in cause No. A-4646, in the District Court, 92d Judicial District, Hidalgo County, Texas.

The trial court sustained several exceptions to Belle Cavender O'Meara's petition and dismissed the cause, from which judgment she has prosecuted this appeal.

Mrs. O'Meara instituted cause No. A-4646, seeking a divorce from her then husband, Ira O'Meara, and a partition of their community estate. She alleged that a large part of the community property had been transferred to Ella Staley, a feme sole, for the purpose, among others, of preventing plaintiff from securing a fair partition of such community property, and that Ella Staley held such property under a trust agreement with Ira O'Meara to reconvey it to him, or to any one he might designate, after he had been divorced and a partition of community property had between the O'Mearas. Ella Staley filed a plea of privilege to be sued in Starr County, which was granted. Thereafter a compromise was worked out between the attorneys representing the various parties. It was agreed that Mrs. O'Meara was to receive $2,000 in cash and $3,000 evidenced by a vendor's lien note, and that all other property belonging to the community estate should belong to Ira O'Meara. Further, that all property conveyed to Ella Staley was to be awarded to her as her property. To carry this agreement into effect, Ella Staley filed an answer and cross-action in the cause pending in Hidalgo County, thereby undoing what had been done by the sustaining of the plea of privilege. Then Mrs. O'Meara took the witness stand and testified to facts entitling her to a divorce. Judgment was then entered granting the divorce and awarding the property in accordance with the agreement worked out by the attorneys. Mrs. O'Meara says in her bill of review that her attorney, Vernon Hill, Esq., was without authority to make any agreement for her which would include the dismissing of her suit pending in Starr County against Ella Staley and the entering of a decree awarding to Ella Staley the properties alleged to belong to the community estate of the O'Mearas.

Appellant's first point presents the contention that the trial court erred in holding, in effect, that appellant's second amended original petition, which was in the nature of a bill of review, was insufficient to allege extrinsic fraud on the part of appellees in obtaining the original judgment.

Appellant alleges in such petition that the trial court required Ira O'Meara to file a full and complete inventory of the community estate belonging to him and appellant. He filed an inventory in which he did not list the property conveyed to Ella Staley, but, in effect, stated that said property was no part of such community estate. Further, that this sworn inventory misled her attorney and caused him to agree to a judgment that he would not otherwise have agreed to. Further, that her attorney, Vernon Hill, Esq., was also induced to agree to that part of the judgment which declared that all the property standing in the name of Ella Staley was her property by other false and fraudulent representations made to him by Ira O'Meara out of court. She further alleged that she did not know that the alleged agreed judgment awarded such property to Ella Staley, until about two weeks before she filed her bill of review. She

further alleged that all of this property was in truth and in fact the community property of herself and Ira O'Meara.

We are of the opinion that appellant's bill of review alleges only intrinsic fraud and is insufficient to allege extrinsic fraud. It is well settled that after a judgment has become final by adjournment of court it will only be set aside upon allegation and proof of "extrinsic fraud" as distinguished from "intrinsic fraud." State v. Wright, Tex.Civ.App., 56 S.W.2d 950.

"Extrinsic" or "collateral" fraud has been given various definitions. We copy the following from 15 Words and Phrases, Permanent Edition, page 901, to-wit:

"'Extrinsic fraud' or 'collateral fraud' exists when unsuccessful party is kept away from the court by a false promise of compromise or purposely keeping him in ignorance of the suit, or when an attorney fraudulently pretends to represent a party and connives at his defeat, or corruptly sells out his client's interests, and such fraudulent acts in fact prevent the unsuccessful party from having a trial. McKechney v. City of Chicago, 1st Dist. No. 19,879, 194 Ill.App. 539.

"False or perjured testimony though the result of a conspiracy is not 'extrinsic fraud,' and will not warrant vacating a judgment or decree, and neither is theft and suppression of documentary evidence, though akin to perjury, especially when made effective by that means, 'extrinsic fraud.' O. A. Graybeal Co. v. Cook, 16 Cal.App.2d 231, 60 P.2d 525, 528.

"'Extrinsic fraud' which consists of such conduct as prevents a real trial upon the issues involved, may result from failure to notify injured party of time of trial, or any other act or omission which procures his absence or the absence of material witnesses, and it alone will justify court of equity in setting aside judgment. Jeffords v. Young, 98 Cal.App. 400, 277 P. 163, 165.

"'Extrinsic fraud' which justifies a court of equity in setting aside decree is one which prevents party claiming to be injured from having a trial or presenting all his case to court, and does not apply to any matter which was actually presented and considered in judgment assailed. Dockery v. Central Arizona Light & Power Co., 45 Ariz. 434, 45 P.2d 656, 663. * * *

"'Extrinsic fraud' means fraud by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Fraud to authorize court's vacation of former judgment must be extrinsic. State v. Wright, Tex.Civ.App., 56 S.W.2d 950, 952."

Appellant does not in any way allege that her own attorney was guilty of bad faith, but, on the contrary, affirmatively alleges his good faith, as follows: "This plaintiff would further show that when her then attorney, Mr. Vernon Hill, agreed to the judgment entered in said Cause No. A-4646, in which this Plaintiff was granted a divorce from the Defendant, Ira O'Meara and the said Ella Staley was awarded and adjudicated to be the owner of all the property and interests therein and minerals standing in her name on the records of the various counties mentioned, he acted in good faith in that he believed, though mistaken in his belief, that this Plaintiff had understood that that adjudication was to be made in said judgment to Miss Ella Staley of all the property standing in her name in the various counties mentioned; and he was also induced to agree to said judgment aforesaid awarding to Ella Staley the property aforesaid because of the false and fraudulent representation and statement made under oath by Ira O'Meara as contained in the inventory of the community property that he filed in said divorce proceedings aforesaid, in which he expressly alleged in effect that the community estate of this Plaintiff and Ira O'Meara had no interest in the property standing in the name of Ella Staley in the various counties of record and fully described in the petition; which false statement in said inventory was made for the expressed purpose of inducing the said Vernon Hill to abandon any claim in behalf of this plaintiff against Ella Staley for this plaintiff's rightfully one-half interest in the same."

Appellant relies upon the three following cases: McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357; Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; Ralls v. Ralls, Tex.Civ.App., 256 S.W. 688.

The facts alleged in these cases are quite different from the facts alleged herein. In the McMurray case the husband was suing the wife for divorce and chose a

time when the wife was away from Texas in a distant state and was without means to return and contest the case. The wife employed a Texas Lawyer to represent her but both she and her lawyer were in utter ignorance as to the community estate and the lawyer was compelled to rely entirely upon the testimony of the husband as to the extent of the community property. The husband gave false testimony as to the community property. Here Mrs. O'Meara knew as much when she filed her first suit as she did when she filed her suit to set aside the judgment. In the original suit she alleged in detail the properties belonging to the community estate that had been transferred to Ella Staley, and made her a party to the suit that the ownership of the properties standing in the name of Ella Staley might be adjudicated. In her bill of review she again seeks an adjudication of the same matter, and she does not allege any newly discovered evidence. State v. Wright, Tex. Civ.App., 56 S.W.2d 950.

In Reed v. Bryant, Tex.Civ.App., 291 S.W. 605, 607, it is stated: "The fraud alleged on the part of Reed in testifying to facts which he knew to be false and in procuring other testimony which he likewise knew to be false, is termed by the authorities intrinsic fraud, or fraud involved in the issues actually determined which will not warrant the cancellation of a judgment in a separate suit in the nature of a bill of review."

In the McMurray case it was not the false testimony alone that warranted the setting aside of the judgment, but, rather, the fraud practiced upon the wife in preventing her being present in court at the time of the trial.

That intrinsic fraud is insufficient to set aside a judgment after the expiration of the term at which it was rendered is quite generally accepted and has repeatedly been recognized in this State. Mills v. Baird, Tex.Civ.App., 147 S.W.2d 312.

In the Eldridge case, relied upon by appellant, W. T. Eldridge had conveyed property in trust to W. T. Eldridge, Jr., for the support and maintenance of the Eldridge children. Mrs. Eldridge believed this transfer to be genuine at the time of the trial and was so led to believe by W. T. Eldridge, but after the judgment was rendered she discovered that W. T. Eldridge had intended that after the divorce this property was to be reconveyed to him. In the case at bar Mrs. O'Meara never at any time believed that the transfer to Ella Staley was a genuine transfer, but knew at all times that the transfer to Ella Staley was a fraudulent transfer.

In the Ralls case the wife was kept in ignorance as to the extent and value of the community estate by the fraud of the husband and was thus induced to agree to a partition of the same which was unfair to her.

In the case at bar Mrs. O'Meara knew exactly the same things at the time the divorce decree was entered as she did at the time she filed this suit in the nature of a bill of review. She was present in court and testified as a witness in the divorce case, the judgment was rendered in open court, she received benefits under this judgment to the extent of $2,000 in cash and $3,000 in a vendor's lien note. The judgment then entered shows on its face that Ella Staley was awarded all the properties then standing in her name. Mrs. O'Meara, two years thereafter, again comes into court and asks to relitigate the same issues that were adjudicated in the former suit, and she now knows nothing that she did not know at the time of the first trial. This she will not be permitted to do. Snow v. Cook, Tex.Civ.App., 278 S.W. 520; Burguieres v. Farrell, Tex.Civ.App., 85 S.W.2d 952.

Appellant's second point presents the contention that her lawyer, Vernon Hill, Esq., was without any authority from appellant to agree to the judgment entered in the divorce case awarding certain properties to Ella Staley. We overrule this contention. The effect of appellant's allegations on this point are that while her lawyer acted in good faith, and although he was authorized to compromise and agree to certain provisions of the judgment, he was not authorized to agree to a judgment awarding any of the property to Ella Staley. As heretofore stated, Mrs. O'Meara was present at the trial and testified as a witness. She knew that an agreed judgment was being entered. She says that her lawyer was acting in good faith, he therefore had no intention of deceiving her, and if she did not know all the provisions of the judgment she could no doubt have learned about them by merely asking her lawyer. The reading of the judgment would have disclosed the fact

that certain properties were being awarded to Ella Staley. Although Mrs. O'Meara received some $5,000 under the agreement she did not take the trouble to ascertain what the provisions of the judgment were. Under such circumstances, the lawyer will be presumed to have had authority to agree to the judgment, and especially is this true where appellant has waited almost two years to raise any question as to her attorney having authority to agree to the judgment. Laird v. Dixie Motor Coach Corp., Tex.Civ.App., 122 S.W.2d 244; 7 C.J.S., Attorney and Client, § 79, p. 896; Williams v. Nolan, 58 Tex. 708; Dunlap v. Villareal, Tex.Civ.App., 91 S.W.2d 1124; Wood v. Wood, 59 Ark. 441, 27 S.W. 641, 28 L.R.A. 157, 43 Am.St.Rep. 42.

The judgment of the trial court is affirmed.