## NOVY v. NOVY et al.
### No. 9886.

Court of Civil Appeals of Texas. Austin.
June 14, 1950.

Rehearing Denied July 12, 1950.

Looney, Clark & Moorhead, by Everett L. Looney, of Austin, for appellant.

Hart, Brown & Sparks, by Jack Sparks, of Austin, for appellee Jim Novy.

Smith & Furr, by W. R. Smith, Jr., of Austin, for appellee Ellis A. Frieden.

GRAY, Justice.

On April 10, 1946, the 96th District Court of Tarrant County awarded appellant a decree of divorce against appellee, Jim Novy. The decree recites: " * * * that contemporaneously herewith plaintiff and defendant have entered into a property settlement agreement whereby and whereunder they have divided the property hereinafter adverted to among themselves." The decree then proceeds to set apart to the plaintiff and the defendant designated properties, real and personal, and further orders, "that pursuant to said property settlement agreement" the defendant, Jim Novy, shall discharge and liquidate all obligations and indebtedness owing by the community estate. The decree does not contain a residuary clause.

The agreement referred to in the decree is an agreement whereby the plaintiff and the defendant conveyed oil properties to Ellis A. Frieden on March 29, 1946, for a recited consideration of $1 and other consideration paid and the assumption of the payment by Frieden of $90,000 to the First National Bank in Dallas, secured by a deed of trust lien on the property conveyed. On the same day (March 29, 1946) Jim Novy as first party and Edna G. Novy as second party, made a written agreement which, in part, recites: "For the past three (3) days negotiations have been pending between the aforesaid parties for a property settlement in connection with and pursuant to a suit instituted by second against first party for a divorce, partition and division of community property, filed in the 96th Judicial District Court of Tarrant County, Texas, on June 19, 1945. During such ne-

gotiations and preparatory to arriving at a just valuation of the assets comprising the community estate, first party has represented to the second that the following, except as hereinafter amended, reflects all of the assets belonging to the community estate, and liabilities owing by said community estate".

After listing assets and liabilities, the agreement further recites:

"First party has further represented that the foregoing figures have been taken from the records maintained by him, but which have never been examined or inspected by second party, but that for the purposes of these negotiations, second party is relying upon the accuracy and verity or representations made during the past three (3) days in connection with said negotiations.

"Though said statement reflects a different value with respect to the oil wells, contemporaneously herewith both of the parties have executed unto Ellis A. Frieden an assignment of the oil and gas leases owned by them and consisting of approximately one hundred (100) oil and gas wells, for a consideration of $135,000.00, of which $10,000.00 is being paid by discharging an indebtedness due and owing by these parties unto the assignee; the assumption of an unpaid balance of $90,000.00 necessitating the application of $15,000.00 to an indebtedness held by the First National Bank in Dallas, and the balance of $20,000.00, being paid in cash, is to be applied by the parties hereto upon an indebtedness owing to the American National Bank in Austin.".

On November 18, 1949, Edna G. Novy filed this suit in the 126th District Court of Travis County against Jim Novy, Ellis A. Frieden and F. & R. Oil Company, an assumed name under which Jim Novy and Ellis A. Frieden transact an oil business, and alleged that she and Jim Novy were formerly husband and wife and were divorced by the 96th District Court of Tarrant County on April 10, 1946. That in 1940 she suffered a complete nervous breakdown and that Jim Novy persuaded her to enter a "rehabilitation" home in Hartford, Connecticut, for a period of eight or nine months, but actually she was there confined against her will for approximately forty-five months, during which time Jim Novy did not communicate with her and saw her only twice. That prior to 1940 Jim Novy conceived a scheme and plan to secrete the assets of their community estate, to place the same beyond the reach of the court and discovery by her, with the view of forcing her to divorce him, and enable him to present a false picture of the condition of their community estate and to defraud her out of her one-half thereof. That as a part of such plan to defraud her, he used, among others, Ellis A. Frieden to hold the legal title to various properties, the beneficial title and real ownership being in the community estate of Jim Novy and herself. That because of threats made by Jim Novy that if she remained in Austin he would place her in a state hospital for the insane, she left her home there and went to Fort Worth, and afterwards, in June 1945, instituted divorce proceedings in Tarrant County and prayed for a divorce and settlement of property rights. That Jim Novy represented to her that during the time she was in Hartford, Connecticut, he had suffered extensive financial losses and that the net worth of their community estate was no more than $125,000; represented to her that he had given a full and accurate statement of all assets belonging to the estate; had fully disclosed all ventures and undertakings in which he had any right, title, or interest, and that no properties in which he had any interest were being held by third persons; and that he falsely represented that it was necessary to sell certain oil properties in order to pay off a part of the community debt and effectuate a property settlement. That practically all of such indebtedness was fictitious, in that Jim Novy created the same with the view and intent of defrauding her by his receiving the proceeds of such transactions and secreting the same in lock boxes in various banks in and out of Texas, in which he secreted cash and other assets for the purpose of defrauding her.

That relying and acting on the representations made to her by Jim Novy, which representations she did not know were

false but which she believed to be true, she joined with him in executing a conveyance of certain oil properties to Ellis A. Frieden. That this was represented to her to be a bona fide transaction necessary in order to apply the proceeds of such sale to the payment of community debts, when in truth it was a simulated transaction, the property was conveyed to Frieden in trust for Jim Novy, no consideration was paid, and the conveyance was a part of the plan and scheme to defraud her. That such oil properties were not treated as a part of the community estate and were withheld from the partition thereof.

She further alleged that other named mineral interests and other properties were not made known to her in the partition agreement, and that she would not have ageed to the property settlement but for the representations made to her by Jim Novy, which she did not know were false but which she believed and relied upon.

She alleged the suit was brought to determine what constituted the community estate on March 29, 1946, and on April 10, 1946, and to partition the property not disposed of by the judgment of April 10, 1946, and that Ellis A. Frieden and F. & R. Oil Company are claiming some right, title and interest in the above properties, but that they hold the bare legal title in trust for herself and Jim Novy.

Jim Novy filed a plea in abatement and Ellis A. Frieden and F. & R. Oil Company filed a plea in abatement. These pleas, though separate, are substantially the same. They set up the Tarrant County judgment and allege that the purpose of this suit is, and if the relief prayed for is granted its effect will be, to vacate, set aside and destroy that judgment, set aside the property settlement approved and validated by that decree, and that the District Court of Travis County does not have jurisdiction.

The trial court heard the pleas in abatement and the evidence introduced thereon by the defendants. Plaintiff offered no evidence. Defendants' evidence consisted of the pleadings in the Tarrant County suit, the contract of March 29, 1946, supra, a contract between Edna G. Novy and Jim Novy, dated August 17, 1945 (this contract appears to have been entered into as the basis or predicate for a property settlement), the conveyance to Ellis A. Frieden of March 29, 1946, the Tarrant County judgment, and the testimony of Jim Novy.

The trial court rendered separate judgments on the two pleas in abatement and in each sustained the plea and dismissed the suit as to the defendants named. From these judgments Edna G. Novy has appealed.

Appellees have filed their motion to dismiss this appeal, and say the appeal should be dismissed for the reason that it is an appeal from an interlocutory order.

■ We think the motions can not be sustained for the reason that the judgment disposed of the case as to all parties. The judgment dismissing the suit was rendered after a hearing and was not a voluntary dismissal. It was, therefore, a final judgment and appealable. 3-A Tex.Jur., p. 128, sec. 94.

We do not understand that either the trial court or appellees question the sufficiency of appellant's allegations of fraud, and for that reason we have made only a general statement of such pleadings in order to show the nature of the cause. However, the pleadings in their entirety are sufficient in that respect. 20 Tex.Jur., p. 17, sec. 8.

■ The right of a party to maintain an action to litigate rights as to community property when the fraud of the other party has prevented a litigation of such rights in a prior proceeding is well established. In McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357, 360, the court said: "As to community property, a husband is, in a restricted sense, a trustee for his wife, bound to good faith, and derelict in duty if he conceals knowledge from her necessary to enable her to protect her rights. As was said in Wright v. Wright, 7 Tex. 526, 534: 'When a party claims property consisting of various articles, which he attempted to enumerate, in order that all the constituents of his claim be presented for

adjudication, the judgment or decree would generally preclude further controversy in relation to matters which should have been properly embraced in the pleadings and judgment in the first litigation, but this rule is subject to exceptions. It would not, for instance, debar the party from claiming property which had been fraudulently concealed by the other party, or prevented by his fraud from being brought forward for disposition by the decree; nor in a case like the present, would a married woman suing for separation of property be concluded and restricted to the articles claimed in her pleadings." And this rule applies to property conveyed to a third person without consideration and in trust for the grantor. Gray v. Thomas, 83 Tex. 246; 18 S.W. 721.

Appellant's allegations are to the effect that the fraudulent acts and conduct of Jim Novy prevented her from having a fair opportunity, at the divorce trial in Tarrant County, of litigating and having determined her rights in and to the community property. Such allegations do not relate to issues determined by the court in that trial but to the procurement of a transfer of property to Frieden and the concealment of property from her prior to the trial, with the result that such property was not before the court for the rendition of a true judgment partitioning the same between the parties. Such then were allegations of extrinsic fraud. Price v. Smith, Tex.Civ.App., 109 S.W.2d 1144, Er.Dis.; Reed v. Bryant, Tex.Civ.App., 291 S.W. 605; State v. Wright, Tex.Civ.App., 56 S.W.2d 950.

█ Appellant alleged that property belonging to the community estate was not partitioned by the Tarrant County decree. Such decree then does not preclude her from demanding a partition of such property in this independent suit. Kirberg v. Worrell, Tex.Com.App., 44 S.W.2d 940; Weir v. King, Tex.Civ.App., 166 S.W.2d 187, Er.Ref.W.M.; Harkness v. McQueen, Tex.Civ.App., 207 S.W.2d 676.

█ The cause of action alleged by appellant is an attack on the Tarrant County judgment because of the alleged fraud, relief for which can be had only in a direct attack brought in the court in which the judgment was rendered. Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377; Hollis v. Hollis, Tex.Civ.App., 226 S.W.2d 129, Er.Dis.; 25 Tex.Jur., p. 769, sec. 290. And, also, seeks a partition of property not before the court and not partitioned by that decree. As to this latter property then appellant and Jim Novy are joint owners or tenants in common thereof in the same manner as if they had never been married. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102. And an independent suit for a partition thereof may be maintained without reference to the judgment in the divorce suit.

The trial court made and filed findings of fact and conclusions of law. However, in view of the disposition we make of this appeal, we do not deem such findings and conclusions controlling or of importance upon a trial on the merits, for which reason we pretermit a discussion of the same.

It follows from what we have said that it is our opinion there is error in the judgment of the trial court. We, therefore, reverse and remand the cause with instructions that appellant replead, and that her cause of action as to properties alleged to belong to the community estate of herself and Jim Novy, and not before the 96th District Court for partition, be separately pleaded from her cause of action as to the oil properties and debts mentioned in the contract of March 29, 1946, and the decree of April 10, 1946, which properties and debts she alleges were kept from litigation by the alleged fraud. We hold that the former properties may be partitioned in this independent suit, while the cause of action as to the latter properties and debts must be litigated in the 96th District Court.

The judgment of the trial court is reversed and this cause is remanded with instructions.

Reversed and remanded with instructions.