**BROWNSON v. NEW et al.**

No. 12485.

Court of Civil Appeals of Texas.
San Antonio.

March 25, 1953.

Rehearing Denied June 10, 1953.

Carl Wright Johnson and Nat L. Hardy, San Antonio, R. E. Schneider, Jr., George West, Harry J. Schulz, Three Rivers, for appellant.

Morrill & Morrill, Beeville, Lewright, Dyer, Sorrell & Redford, Corpus Christi, for appellees.

NORVELL, Justice.

This is an appeal from a summary judgment. On December 5, 1951, appellant, Tressa Brownson, brought this suit in the nature of a bill of review to set aside a community property settlement contained in the judgment rendered by the District Court of Live Oak County, Texas, on January 8, 1940, in Cause No. 1372, entitled T. J. Brownson v. Tressa Brownson. According to the allegations of the bill, it appears that a divorce was granted to Tressa Brownson upon her cross-action; that thereafter T. J. Brownson married the appellee herein; that on April 16, 1947, Brownson died, leaving the bulk of his estate to appellee, who afterwards married J. K. New, who was joined with her as a party defendant in this suit.

The motion for summary judgment was not sworn to but simply asserted that, "the pleadings in this action on file herein and the depositions of the Plaintiff, Mrs. Tressa (sic.), and her former attorney, show that there is no genuine issue as to any material fact and that these Defendants, the moving parties, are entitled to a judgment to be entered in this action in their favor and against all claims and demands of the Plaintiff as a matter of law."

Upon the hearing the basis of the motion was somewhat broadened. The appellees attached thereto (without explanation in the motion itself) a copy of a deed dated September 10, 1941, whereby Leonard Jacob Corporation conveyed several tracts of land in Live Oak and McMullen Counties to T. J. Brownson. The appellant filed an affidavit in reply to the motion for summary judgment and the order granting the motion recites that in addition to the depositions referred to in the motion, the deed attached thereto and the affidavit mentioned, the Court considered the pleadings of the present case, the pleadings in the original divorce case (No. 3172), and certain transcribed testimony of T. J. Brownson given in Cause No. 3236 on the docket of the District Court of Live Oak County, entitled T. J. Brownson v. First National Bank at George West.

The basis of appellant's suit was alleged fraudulent concealment of community assets and false representations made with reference thereto by T. J. Brownson at the time the 1940 divorce and property settlement was had. Appellees' defenses were: (1) that no false representations had been made; (2) that if such representations were in fact made, appellant had no right to rely thereon; (3) appellant was guilty of inexcusable negligence in securing the decree of divorce upon her cross-action without ascertaining the facts with reference to the community property holdings of the parties; (4) that the suit was barred by limitations, Articles 5507, 5509, 5510, 5526 and 5529, Vernon's Ann. Tex.Stats.; and (5) by the equitable doctrine of laches.

The purpose of summary judgment proceedings is to ascertain whether or not there be a genuine issue of fact in the case, Rule 166–A, Texas Rules of Civil Procedure. Issues may be raised formally by the pleadings which are without substance. Fletcher v. Krise, 73 App.D.C. 266,

120 F.2d 809. In order to test whether or not any pleaded issue is a genuine one, the allegation creating the issue may be attacked by the affidavit of one competent to testify, which asserts a set of facts contrary to the allegation. If this affidavit be traversed by proper affidavit or if, in accordance with the rule a satisfactory statement be made as to inability to counter the movant's affidavit, the motion fails because the record then does not show that no genuine issue of fact exists. Rule 166–A(e); Anderson v. United States, 1 Cir., 182 F.2d 296; Burley v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 140 F.2d 488, affirmed 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886, Id., 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928; McDonald, Summary Judgments, 30 Tex.Law Review 285, 296, 299; 4 McDonald, Texas Civil Practice 1379, 1388, § 17.26. When, however, as is the case here, the movant proceeds without supporting affidavits, the motion is necessarily directed solely to the adequacy of the pleading as a matter of law. Pleadings may be so faulty upon their face as to justify the rendition of a summary judgment. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236; LeMond and Kreager, The Scope of Pleading as Proof in Summary Judgment Procedure, 30 Tex.Law Review 613, 615, citing McDonald, Summary Judgments, 30 Texas Law Review 285, 297; Suggs and Stumberg, Summary Judgment Procedure, 22 Texas Law Review 433, 438; Stayton, Notes on Summary Judgment, 13 Tex.Bar Journal 445, 446. Under certain circumstances, admissions elicited by deposition or otherwise may be considered in connection with an unsworn motion. It is a rule of public policy that a judgment can not be rendered in favor of a party upon a supposed set of facts which he clearly and unequivocally swears are untrue. 80 A.L.R. 626. This rule is sought to be invoked by appellees here.

■ We make the above general observations with reference to the summary judgment as much of appellees' presentation is seemingly based upon the proposition that that burden of proof was upon appellant to demonstrate that there was a genuine issue of fact in the case. This is not the rule. One may not put his adversary to the burden of proving his case by affidavit, so to speak, by filing a motion which is itself unsupported by affidavits. In order to "pierce" the formal allegations of the petition, sworn statements made by persons competent to testify are essential.

■ In our opinion, a case for jury determination is indicated by the record before us. We hold that if all well-pleaded factual allegations of the petition be taken as true, a proper basis for recovery was stated. It was alleged that T. J. Brownson had exclusive control over all the ranching operations of the community of T. J. Brownson and Tressa Brownson; that he represented that such properties had a net worth of $38,379, whereas, the true value of the same was $189,000, and that Tressa Brownson relied upon these false statements in making the divorce settlement which awarded her property of the approximate value of $20,000. The decree of divorce, made a part of the petition, recited that a settlement of the property rights of said parties has been agreed upon by parties and set out the terms of such settlement. The court then made an adjudication of property rights in accordance with the terms of such agreement.

Appellant's deposition and affidavit is in accordance with the allegations of the petition. The transcribed testimony of Brownson in his suit against the First National Bank of George West was to the effect that in April of 1939, he was possessed of property, presumedly community, vastly in excess of the value he had represented to his wife prior to the divorce. A similar indication is contained in the deposition of John S. Brown (which was apparently also before the court for its consideration) who was an officer of the Agricultural Livestock Finance Corporation of Fort Worth, which made a number of cattle loans to Brownson. It cannot be determined as a matter of law whether the form of representations as to the nature and value of the community estate rendered them actionable or nonactionable. In fact, upon this point, a conflict of testimony is strongly indicated.

 A similar situation exists as to the assertion that appellant was not entitled to rely upon the representations of Brownson, if actually made, and that appellant was guilty of inexcusable negligence in failing to ascertain the extent and value of the community property prior to the time she agreed to a settlement relating thereto. We agree with appellees that it is necessary that one seeking to set aside a judgment by bill of review must not be guilty of fault or negligence which resulted in the rendition of the judgment attacked. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962; Burguieres v. Farrell, Tex.Civ.App., 85 S.W.2d 952, writ dismissed, 126 Tex. 209, 87 S.W.2d 463, but the husband is by law the manager of the community estate, and a trust relationship exists between him and the wife. His representations as to the nature and extent of the community estate, if false, are treated as a species of extrinsic fraud, justifying the modification of the property settlement upon the theory of an implied trust, in accordance with applicable equitable principles. Wright v. Wright, 7 Tex. 526; Kuehn v. Kuehn, Tex.Civ.App., 232 S.W. 918. This statement presupposes that upon the trial of the original cause there were no actual disputed issues tried as to the extent and nature of the community estate, such as whether or not a particular tract of land was community or separate property. If such issues be raised, fraudulent representations relating thereto would be classified as intrinsic rather than extrinsic, as the party having joined issue thereon would be expected to disclose the falsity of the representation upon the original trial. O'Meara v. O'Meara, Tex.Civ.App., 181 S.W.2d 891. Authoritative cases setting forth the rules relating to the setting aside of property settlements induced by fraud are: McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357; Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442; Moor v. Moor, Tex.Civ.App., 57 S.W. 992; Ralls v. Ralls, Tex.Civ.App., 256 S.W. 688; Celli v. Sanderson, Tex. Civ.App., 207 S.W. 179.

The record before us at the present time, i. e., the pleadings, appellant's affidavit, her deposition and the deposition of her former attorney, do not show unequivocally that she is chargeable with negligence which would bar her recovery as a matter of law, under the rules established by the cases cited by appellees and hereinabove referred to.

As to limitation and laches, appellant in her petition, after setting forth the false representations allegedly made, says that the falsity of the representations were unknown to her at the time of the settlement and were not discovered by her until sometime in 1951. In her affidavit she says that when the property settlement was made "she had full and complete trust, confidence and faith in Brownson, having been assured * * * that he intended giving her a full, fair and equitable portion of their property in settlement of their property rights. * * * That she heard no rumors concerning the matter until on or about the 1st day of May, 1951, when she was advised by former acquaintances of her husband that she had received considerably less than her just and equal share of the community property, whereupon she employed the present attorneys representing her in this suit to investigate the matter, which they did and discovered matters and facts as she has hereinabove outlined."

 We think that despite the fact that in her deposition Mrs. Brownson testified that she "knew the cow business"; continued to live in the country where her former husband conducted his cattle operations, and that some eleven years elapsed since the time of the divorce decree and the date of the alleged discovery of fraud, it cannot be said that no genuine issue of fact existed as to the issues of laches and limitations. She was not charged as a matter of law with constructive knowledge of the existence of the deed from Leonard Jacob Corporation to T. J. Brownson, dated September 1, 1941 (which was attached to appellees' motion for summary judgment), White v. McGregor, 92 Tex. 556, 50 S.W. 564, nor of the facts brought out and established in Brownson's suit against the George West Bank, although she stated in

her deposition that she had heard of the suit. These matters and others similar thereto might support an inference that appellant was in possession of the necessary information to make the statutes of limitation or the doctrine of laches applicable to the suit. But a jury must draw the inference. It is not established as a matter of law. In the case of Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 740, 150 A.L.R. 775, the Supreme Court stated the rule applicable here, as follows:

"Ordinarily, what constitutes reasonable diligence to discover fraud is a question of fact for the jury. Whitehead v. Reiger, Tex.Com.App., 6 S.W.2d 745; J. S. Curtiss & Co. v. White, Tex.Civ.App., 90 S.W.2d 1095; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908, error dismissed, 141 Tex. 565, 61 S.W.2d 810; Davidson v. Commercial National Bank of Brady, Tex.Civ.App., 59 S.W.2d 949; O'Loughlin v. Moran, Tex.Civ.App., 250 S.W. 774; Ray v. Barrington, Tex.Civ.App., 297 S.W. 781, citing many cases; 28 Tex. Jur., p. 301, § 207. Unless the evidence is such that reasonable minds may not differ as to its effect, the question as to whether a party has exercised diligence in discovering fraud is for the jury. 28 Tex.Jur., p. 301, § 207."

See also, Ramsey v. McKamey, 137 Tex. 91, 152 S.W.2d 322; Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; Dunn v. Taylor, 42 Tex.Civ.App. 241, 94 S.W. 347.

In our opinion this is not a case for a summary judgment. It appears probable that there are issues which should be tried to a jury. The judgment appealed from is reversed and the cause remanded. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Associated Press v. United States, 326 U.S. 1, 65 S.Ct. 1416, 89 L.Ed. 2013; Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568; Gray Tool Co. v. Humble Oil & Refining Co., 5 Cir., 186 F.2d 365; McDonald, Summary Judgments, 30 Texas Law Review 285, 288.

Reversed and remanded.

## On Motion for Rehearing.

In view of appellees' motion for rehearing and the prospective trial of this suit upon the merits, it is deemed advisable to set forth in more detail our understanding of the rule applicable to a bill of review based upon alleged fraud, which has for its purpose the setting aside of a community property settlement contained in a divorce decree.

The leading case upon the point is McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357. In the wife's bill of review, it was alleged that the husband through fraud took advantage of his wife's absence from the state and consequent inability to contest the suit, and procured an unjust community property division in a divorce case by means of false and perjured testimony. The bill alleged that the husband had always kept the wife in total ignorance of the amount and value of the estate. The Supreme Court, speaking through Chief Justice Stayton, held that the trial judge erred in sustaining a demurrer to the bill. Primarily upon authority of Wright v. Wright, 7 Tex. 526, 534, it was said that, "As to community property, a husband is in a restricted sense a trustee for his wife, bound to good faith, and derelict in duty if he conceals knowledge from her necessary to enable her to protect her rights."

During the course of the opinion it was further said, "That the willful giving of false testimony by a party to an action in relation to a matter affecting an issue to be tried is fraud of the most pernicious character can not be questioned, and for such conduct it has been held that the injured party is entitled to have the cause re-examined."

The opinion makes note of some divergence in the statement of the rule contained in United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93, which holds that a showing of "extrinsic" fraud is essential to set aside a judgment after term time. Also, in this connection, see Ralls v. Ralls, Tex.Civ.App., 256 S.W. 688.

In view of later Texas authorities following the Throckmorton case, it must be concluded that the broad statement of the rule immediately above quoted from the

McMurray case as to perjured testimony no longer obtains in Texas. However, so far as we have been able to ascertain, it has never been suggested that the factual situation pleaded in the McMurray case would not be sufficient to justify equitable relief under the rule set forth in U. S. v. Throckmorton, supra. The fact that the wife in the McMurray case was the victim of "extrinsic fraud," is specially pointed out in O'Meara v. O'Meara, Tex.Civ. App., 181 S.W.2d 891, wr. ref.

In State v. Wright, Tex.Civ.App., 56 S.W.2d 950, 952, it was said that "the fraud which will authorize vacation by the court of its former judgment in such case must be what has been termed 'extrinsic fraud.' By that is meant fraud by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial."

The Court further said that in the Mc-Murray case it appeared that the sufficiency of the bill was based "upon the conclusion that the alleged fraud of the husband upon the wife was such, in conjunction with his perjured testimony, as to prevent her from presenting upon the trial her legal right in the premises."

In Reed v. Bryant, Tex.Civ.App., 291 S.W. 605, 609, the following was said, with reference to McMurray v. McMurray and U. S. v. Throckmorton:

"While, in the opinion in the Mc-Murray Case, special stress is laid upon the unconscionable fraud perpetrated by the husband in the willful perjury he committed to cheat his wife in the partition of the estate, facts were also pointed out which showed that, as a result of a deliberately planned scheme of the husband, the wife was prevented from appearing and proving at the trial her rights in the estate that was partitioned. And the decision was further based on the added perfidy of the husband in violating the trust reposed in him by the statutes which vested him with full control of the community estate, the knowledge and extent of which he had fraudulently concealed from his wife prior to the divorce proceedings, and concerning which he had given false and perjured testimony on the trial. When properly analyzed, it is clear that the decision in that case is in accord with and supported by the decision of U. S. v. Throckmorton and other authorities to a like effect, cited above."

In Novy v. Novy, Tex.Civ.App., 231 S.W.2d 780, 783, the Court said:

"Appellant's allegations are to the effect that the fraudulent acts and conduct of Jim Novy prevented her from having a fair opportunity, at the divorce trial in Tarrant County, of litigating and having determined her rights in and to the community property. Such allegations do not relate to issues determined by the court in that trial but to the procurement of a transfer of property to Frieden and the concealment of property from her prior to the trial, with the result that such property was not before the court for the rendition of a true judgment partitioning the same between the parties. Such then were allegations of extrinsic fraud."

Of course, when it is shown that the party seeking to set the judgment aside was not deceived by the alleged fraudulent concealment but had full knowledge of the pertinent facts when the original judgment was rendered, there is no showing of extrinsic fraud and the attack upon the judgment fails. Snow v. Cook, Tex.Civ.App., 278 S.W. 520. Similarly, when it appears that an issue as to ownership, value or extent of property and the like was actually tendered upon the original trial, a dissatisfied party at a later date can not again relitigate the issue upon bill of review, for under such circumstances any false representation concerning such issue must be classified as intrinsic and not extrinsic fraud. O'Meara v. O'Meara, Tex.Civ.App., 181 S.W.2d 891. For further citation and discussion of authorities, see Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94.

We recognize the rule that one seeking to set aside a judgment after term time by bill of review must show that the fraud practiced upon him was extrinsic in nature as defined by the cases above cited, and that an unjust judgment resulted from such fraudulent conduct, unmixed with any fault or negligence chargeable to the party seeking relief from the judgment. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996.

Applying this rule to the present case we hold, (1) that appellant's bill of review is predicated upon a species of extrinsic fraud consisting of concealment by the community manager of the nature, value and extent of the community estate; (2) that it does not appear that there is an absence of a genuine fact issue relating to the nature and effect of the alleged fraudulent acts of the husband, and (3) that there is a similar lack of showing that there was no genuine fact issue as to the alleged negligence and delay on the part of the wife. Stated another way, it was not shown by the pertinent record upon which the motion for summary judgment was based that appellant as a matter of law was barred from the relief sought in the bill of review. On the contrary, the existence of genuine fact issues is indicated, and a determination by the trier of facts is therefore required.

We adhere to the holdings expressed in our original opinion and appellees' motion for rehearing is accordingly overruled.