

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 2, 1963

Honorable John Winters, Commissioner
State Department of Public Welfare
John H. Reagan State Office Building
Austin, Texas

Opinion No. C-151

Re: The application and ef-
fect of Section 6 of
H.B. 403, 58th Legis-
lature, as regards the
granting of a license
to a married woman to
operate a child care
Dear Mr. Winters:                    facility.

You have requested our opinion concerning the ap-
plication and effect of Section 6 of H.B. 403, 58th Legis-
lature, which amends Article 4626, Revised Civil Statutes,
as regards the granting of a license to operate a child care
facility to a married woman. You specifically ask:

(1) In view of H.B. 403, whether the
Department may require as a prerequisite
to the granting of a license to operate a
child care facility the joinder of the
husband when the applicant is a married
woman?

(2) In answer to question (1), would
it make any difference whether the property
used for such child care facility was com-
munity property, separate property of the
wife, or rental property?

(3) If you hold that the joinder of
the husband is not required except where
the business is on community property, does
the Department have the responsibility to
ascertain if the allegation of where the
facility is located is in fact true?

(4) If legal action is taken against

-731-

the applicant subsequent to the granting
of the license to enjoin her from operat-
ing such facility, is it necessary to make
the husband a party to this litigation?

Section 6 of House Bill 403 provides as follows:

"Sec. 6. Article 4626, Revised Civil
Statutes of Texas, 1925, as amended by Sec-
tion 2 of Chapter 499, Acts of the Forty-
fifth Legislature, Regular Session, 1937,
is hereby amended so as to read as follows:

"A married woman shall have the same
powers and capacity as if she were a feme
sole, in her own name, to contract and be
contracted with, sue and be sued, and all
her separate property, her personal earn-
ings and the revenues from her separate
estate which is not exempt from execution
under the laws of Texas shall thereafter
be subject to her debts and be liable there-
for, and her contracts and obligations shall
be binding on her."

A comparison of this statute with the previous amend-
ed one reveals that a married woman now has the same powers
and capacities which previously required an order of a proper
Court removing her disabilities of coverture and declaring
her a feme sole for mercantile and trading purposes. In ef-
fect, a married woman can conduct her separate business with-
out the necessity of the permission of her husband to do so.

It is also observed in House Bill 403, Section 5, that
unless a married woman's contract is for necessities, any
judgment may be levied only upon the wife's separate property,
upon revenues from her separate property or upon her personal
earnings. Further, Section 3 of House Bill 403 amends Arti-
cle 4621 of the Revised Civil Statutes to provide that the
community property of the husband and wife, other than the ex-
ceptions previously noted in Section 5, shall not be liable
for the debts or damages resulting from contracts of the wife
except where the contract was for necessaries or where the
husband joined in the execution of the contract.

The plain meaning of these recent amendments indicates
that the husband's joinder where the wife seeks to enter into
a separate business, can no longer be required. To hold to
the contrary would circumvent the plain intent of the Legis-
ture as regards the capacity of married women to conduct their

separate businesses. Therefore, where the applicant is a married woman, the Department cannot require the joinder of the husband as a prerequisite to the granting of a license.

As regards your second question, it is concluded that where the child care facility is operated on either separate or rental property the joinder of the husband cannot be required. However, a more difficult problem is involved where community property is used because of the fact that the husband has the right of control and the management of the community property during the marriage, with exceptions not here relevant. Article 4619, Vernon's Civil Statutes. This right of the husband has been characterized as follows: The husband is by law the manager of the community estate, and a trust relationship exists between the husband and wife. Brownson v. New, 259 S.W.2d 277, 281 (Tex.Civ.App. 1953, error dism.). Therefore, there is a question as to whether the wife could use community property to operate a separate business without the acquiescence of the husband. This is particularly true in view of the Department's prior experience that unless harmony between the husband and wife exists, the successful management of a child care facility is not likely.

We conclude that it would be proper for the Department to require the husband's approval and permission for the wife to use the community property, but not to the extent that he would be required to join with the wife in the business venture and consequently be liable for the debts arising therefrom. The husband may be required to state that, as manager of the community property, he has no objection to the use of such property by the wife for the operation of her separate business. Of course the husband may disclaim any liability for the wife's debts incurred therein.

As regards your third question, the Department, of course, can always verify the allegations contained in an application to operate a child care facility. The determination of whether to ascertain the allegations in the application is within the discretion of the Department.

In answer to question No. 4, it necessarily follows from the answers previously given that it is neither necessary nor proper to join the husband in any subsequent legal action taken against the wife because statutes clearly give a married woman the right to enter into her separate business and exclude the husband from any liability therefor, with exceptions not here relevant. This result would remain the same even though the business were being conducted

on the community property because the Department cannot require the joinder of the husband in the sense necessary to make him also liable for the wife's debts.

In reaching these results, we are mindful of the contrast created between the new enactment and those statutes which it amends, and we have attempted to give full force and effect to the clear intent of the Legislature that a married woman can now conduct a business separate and apart from her husband, and that the liability for any debts thus created falls on the wife's separate property, upon the revenues from her separate property or upon her personal earnings. The community property of the husband and wife, other than the revenues from her separate property or her personal earnings, is not liable for her debts, and likewise the separate property of the husband is not liable for such debts.

## SUMMARY

The joinder of the husband of a married woman cannot be required as a prerequisite to the granting of a license to operate a child care facility. However, the approval and permission of the husband for the wife's use of community property for the purpose of operating her separate business can be ascertained. This approval should not be construed as a legal joinder of the husband which would render him liable for the debts of the wife in the conduct of her separate business, and any subsequent legal action taken relative to the license of the married woman need not include the joinder of the husband. The determination of facts alleged within such an application is within the discretion of the Department.

Yours very truly,

WAGGONER CARR
Attorney General

By Paul Phy
Paul Phy
Assistant

PP:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Paul Robertson
Gordon Appleman
Malcolm Quick
Edward Moffett

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone