## WESTMORELAND v. MASTERSON.
### No. 1373.

Court of Civil Appeals of Texas. Eastland.
Jan. 25, 1935.

Lewis M. Williams and Jas. A. Stephens, both of Benjamin, and J. S. Kendall, of Mundy, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

FUNDERBURK, Justice.

In this suit T. B. Masterson, sole owner and conducting his business in the name of First Bank of Truscott, unincorporated, sought judgment against a number of parties, including R. R. Myers and W. P. Westmoreland. One cause of action was asserted against said R. R. Myers and W. P. Westmoreland for a recovery upon 18 vendor's lien notes, aggregating the principal sum of $12,746.81, with interest, etc., and also to foreclose a vendor's lien recited in said notes upon 160 acres of land. Judgment upon this cause of action was for plaintiff, as prayed for, and that part of the judgment is not complained of in this appeal. Another cause of action was against W. P. Westmoreland alone, by which plaintiff sought recovery of judgment establishing the existence and foreclosure of a vendor's lien upon a certain 100-acre tract of land which plaintiff had theretofore conveyed to Westmoreland in consideration of the transfer by the latter to him of said 18 vendor's lien notes

as the full purchase price of the land. The 18 vendor's lien notes were executed by Myers as maker to said Westmoreland as payee, and were indorsed by the latter "with recourse." Upon this cause of action the court gave judgment for plaintiff against said defendant, from which the latter has appealed.

The only phase of the judgment below which is challenged in this court is that part decreeing the existence and foreclosure of the vendor's lien upon the 100-acre tract which plaintiff had conveyed to Westmoreland in consideration of the transfer to him of said 18 vendor's lien notes indorsed "with recourse."

The plaintiff alleged that: "Before the maturity of either of said notes the said W. P. Westmoreland sold, indorsed for value and in due course of trade, and transferred and delivered said 18 notes, together with the vendor's lien so securing the same, as originally retained by him to the plaintiff, in his business name, the First Bank of Truscott, unincorporated, and the plaintiff is now the legal and equitable owner and holder of said 18 notes, and the said lien against the above described land so securing the payment of same, and the defendant W. P. Westmoreland by virtue of his indorsement thereof became and is now liable to the plaintiff for the payment of same * * * that the said 18 notes above described were given to the plaintiff by the defendant W. P. Westmoreland for the purchase price of a certain tract of land situated in Knox County, Texas (describing same) * * * that although the said deed recites the payment of $9,000 and acknowledges receipt of same, such sum was paid by said notes and this the plaintiff is ready to verify; that same representing and being the only true consideration given by the defendant W. P. Westmoreland for the said 100 acres of land so conveyed to him by the plaintiff a vendor's lien was thereby implied to secure the payment of same, and he is now the holder of such implied or equitable vendor's lien against said 100 acres of land, for which he also sues herein for a foreclosure."

We have concluded that, as a matter of law, the plaintiff's petition stated no cause of action entitling the plaintiff to have declared and foreclosed a vendor's lien on the 100 acres of land, and that, therefore, there was no pleading to support that part of the court's judgment complained of upon this appeal. The controlling principle of law is stated in Corpus Juris, as follows: "Where the vendor takes the note of a third person, endorsed by

the purchaser in payment of the purchase price, the vendor's implied lien is waived, at least presumptively in the absence of proof of an intention to retain such lien." 66 C. J. 1268, § 1171. Supporting that statement of the law may be cited the following Texas cases: Cresap v. Manor, 63 Tex. 485; Dyson v. Dysart (Tex. Civ. App.) 250 S. W. 716; Dale v. Stevens (Tex. Civ. App.) 75 S.W.(2d) 129; Parker County v. Sewell, 24 Tex. 238; Faver v. Robinson, 46 Tex. 204; Ellis v. Singletary, 45 Tex. 27; Flanagan v. Cushman, 48 Tex. 241.

The allegations of the plaintiff's petition show that if the indorsed notes themselves also secured by an express vendor's lien on 160 acres of land were not transferred and received in full payment of the purchase price of the land, so that no debt remained to which a vendor's lien could, in any event, attach, a question we do not pass upon, then the facts alleged do show presumptively, at least, a waiver of any implied vendor's lien upon the 100-acre tract. It was, therefore, necessary in order to state a cause of action for plaintiff to allege such other facts as would at least prima facie rebut the presumption of such waiver. Having alleged facts to create a presumption of waiver, and having omitted the allegation of any fact or facts to counteract such effect, the presumption remained in full force. The legal import of the pleading was the same as if it directly alleged the waiver of the very lien sought to be established and foreclosed. No assignment directly challenges the sufficiency of plaintiff's pleading, but the defect involves fundamental error, and it is necessary to call attention to it in connection with appellee's contention next noticed.

Appellee argues in his brief that the burden was upon appellant to allege and prove a waiver of the implied lien. It is true enough that a waiver must ordinarily be pleaded, and the burden of doing so is upon him who seeks to have the advantage of same. That principle, however, can have no application where, as here, a party seeking to allege a cause of action himself states facts to show a waiver, or create a presumption of a waiver of the very right claimed. The situation is analogous to the allegation of a cause of action for damages for negligence. Ordinarily, contributory negligence is a matter to be alleged and proved by the defendant, but if plaintiff, in stating his cause of action for negligence, alleges facts to show that his own negligence caused the injuries, or facts to create a presumption, or inference, that such was the case, then the pleading fails to state a cause of action. 45 C. J. 1108, § 680; Murray v. Gulf C. & S. F. Ry. Co., 73 Tex. 2, 11 S. W. 125.

Both appellant and appellee were witnesses and testified concerning the exchange of the indorsed notes for the 100-acre tract of land. The undisputed evidence shows the existence of no facts which would rebut the presumption that the implied lien, if any, was waived. There appears no reason for remanding the case.

It is, therefore, our conclusion that the judgment of the court below must be reversed, and judgment be here rendered for the appellant Westmoreland that plaintiff take nothing upon his cause of action seeking foreclosure of a lien upon the 100-acre tract of land, and that in all other respects the judgment of the court below be not disturbed, which is accordingly so ordered.