### THOMPSON v. SCHWAN et al.
### No. 1477.

Court of Civil Appeals of Texas. Eastland.
June 14, 1935.

Rehearing Denied Sept. 13, 1935.

Read, Lowrance & Bates, of Dallas, for appellant.

McBride, Hamilton, Lipscomb & Wood and Leake, Henry & Young, all of Dallas, for appellees.

FUNDERBURK, Justice.

A. D. Thompson brought this suit against W. Schwan, H. A. Kinnison, and A. T. Powell, to recover damages for the breach of a written contract set out as an exhibit to plaintiff's petition. The court below sustained a general demurrer to said pleading. Upon the plaintiff's declining to amend, the court dismissed the case. Plaintiff has appealed.

The only question presented is that of the legal sufficiency of plaintiff's petition to state a cause of action. According to the substance and effect of plaintiff's allegations, the defendants, in contemplation

of the formation of a corporation by them, to be named Schwan Gas Burner Company, with a capital stock of 625 shares, 250 shares being preferred and of the par value of $100 per share, and 375 shares being common, and non-par value, made the contract in question with plaintiff, by which it was agreed that plaintiff would purchase for cash 60 shares of the preferred stock for $6,000, and would on or before April 15, 1930, purchase at its par value 40 additional shares of preferred stock. With each of said purchases he was to receive without additional cost one share of common stock for each two shares of preferred stock.

In consideration of plaintiff's said obligation, the defendants agreed that the corporation would employ the plaintiff to assist in the manufacture and sale of gas burners at a salary of not less than $300 per month, beginning December 1, 1929, and continuing for a period of not less than five years. The defendants further agreed that "if at any time within five years, employment of said" plaintiff "shall be terminated by the corporation and his services dispensed with that they," i. e., defendants, "will each purchase from said" plaintiff "at his option one third of the preferred stock held by said" plaintiff "in said company at its par value of $100 per share on condition that" plaintiff "shall surrender one share of no par value stock to said" defendants "with each two shares of par value stock which they may so purchase." It was alleged that plaintiff complied with his obligations; that he was employed as agreed; that the employment continued until May 24, 1932, at which time he was discharged "by said company or by the receiver of said company and his services were terminated and dispensed with by said corporation." Compliance with plaintiff's obligation to purchase the 40 shares of preferred stock on or before April 15, 1930, was attempted to be shown by allegations to the effect that contemporaneously with the making of the contract in question, Schwan and Kinnison made a separate written contract with plaintiff to purchase and pay for such, if any, of the 40 shares of preferred stock as plaintiff did not want to purchase for himself; that plaintiff purchased and paid for 37½ shares of said 40 shares, paying therefor the sum of $3,750; and that said Schwan and Kinnison purchased the remainder.

Allegations of the breach of the contract by defendants were in substance to the effect that after plaintiff's said discharge he tendered to the defendants (one-third to each) 97½ shares of the preferred stock accompanied by one-half the number of shares of common stock, as provided in the contract, which the defendants refused to receive and pay for.

The prayer was for an award of damages against each defendant for the sum of $3,250.

█ We think plaintiff's petition stated a cause of action. By appellees' first counter proposition the action of the trial court in sustaining the general demurrer is sought to be sustained upon the theory that the contract provided as the contingency upon which defendants would be obligated to repurchase the stock that plaintiff should be discharged by the corporation; that he was not discharged *by the corporation,* but was discharged by the receiver who was an officer of the court, and not an agent of the corporation. We think that within the meaning of the contract and the intention of the parties as evidenced thereby, plaintiff was discharged when the corporation ceased to pay his salary. Defendants' obligation was in no sense a guaranty that the corporation would not discharge plaintiff for at least five years. The obligation in effect was that if plaintiff involuntarily lost the advantages of holding the position and being paid the salary therefor before the expiration of five years, the defendants would repurchase his stock. The corporation was not a party to the contract. The corporation, therefore, assumed no obligation to employ plaintiff, or to retain him in its employment, or to pay him any particular salary. Neither do we think the defendants obligated themselves to keep the corporation solvent in order thereby to enable it to retain the services and pay the salary of the plaintiff. As we construe the contract, defendants were under no duty to retain control of the corporation. After plaintiff was employed by the corporation there was no impediment, so far as the contract discloses, to the defendants selling all their stock and thereby losing control of the affairs of the corporation. It does not follow that the defendants are not liable. The failure of the corporation, either from insolvency, or for any reason other than the voluntary leaving by the

plaintiff, was merely the condition or contingency upon which the defendants became obligated to repurchase plaintiff's stock.

No question is presented, we think, involving the principle of a discharge of a contract by operation of law rendering the same impossible of performance. As said before, the corporation was under no contractual obligation. It is only upon the assumption that it was that the above claim of discharge of the contract is predicated. No law has intervened to render impossible the performance of defendants' obligation to repurchase the stock. In short, the effect of the contract, as we think it should be construed, was to obligate the defendants to repurchase the stock if at any time within five years plaintiff, without breach of the contract on his part, was involuntarily deprived of the advantages of serving the corporation as its employee and receiving for such services the monthly salary of $300.

■ The judgment is sought further to be sustained on the ground that according to the allegations of the petition, plaintiff had not himself complied with the terms of the contract because it is alleged his obligation was to purchase 40 shares of preferred stock in addition to the first 60 shares, and he only purchased 37½ shares. In this connection, it is deemed advisable to make this further statement of the pleadings. Although the petition alleged in form an absolute obligation to purchase the 40 shares, the contract set out as an exhibit to the pleadings shows that the obligation to purchase the 40 shares was optional with plaintiff. The language of the contract is: "Said first party shall have the right and option to purchase 40 additional shares of preferred stock of the par value of $100 each on or before April 15, 1930," etc. We think that in passing upon the general demurrer the allegations of the petition should be made to yield to the provision of the contract. 33 Tex. Jur. p. 429, § 17.

■ With the foregoing explanation, two answers may be made to the contention of appellees. One is that, plaintiff's obligation with reference to the purchase of the 40 additional shares was in no sense a consideration for the obligation of the defendants to repurchase his stock upon the condition provided. An option to the plaintiff could not be a benefit to the defendants.

In the second place, if the obligation had been absolute, the petition alleges facts to show a compliance within the intent of the contract. The concern of the defendants as disclosed by the contract was to sell the stock for cash. The petition alleges that the purchase price of 40 shares was paid, 37½ shares by plaintiff and 2½ shares by Schwan and Kinnison.

■ The contention of appellee Powell that he became discharged from his obligation by reason of the supplemental contract between plaintiff and his codefendants, Schwan and Kinnison, is grounded on the assumption that the contract sued on was a contract of suretyship. As shown above, we do not so construe it. The obligations of the defendants to the plaintiff were primary obligations, and not those by which they were under certain contingencies to become secondarily liable.

It is our conclusion that the court below erred in sustaining the general demurrer, for which reason the judgment must be reversed and the cause remanded. It is accordingly so ordered.