## CAWLEY v. SECURITY STATE BANK & TRUST CO.

### No. 3422.

Court of Civil Appeals of Texas. Beaumont.

March 21, 1939.

Rehearing Denied March 29, 1939.

Jack M. Moore, John H. Benckenstein, and McCall & Broadus, all of Beaumont, for appellant.

Gordon, Sharfstein, Bell & Weinert, of Beaumont, for appellee.

WALKER, Chief Justice.

Appellee, Security State Bank & Trust Company, instituted this suit against appellant, M. J. Cawley, praying for judgment on a deficiency under a deed of trust sale. On the 22nd day of February, 1938, on trial to the court without a jury, judgment was entered in appellee's favor for the relief prayed for, from which appellant has duly prosecuted his appeal to this court.

The contention that appellee's demand was barred by limitation is overruled. The suit was for the balance due on a note renewed as of the 11th day of October, 1934; the record does not show the date of the filing of the suit, but the judgment was rendered within four years from the date of the renewal contract.

The record does not support the proposition that the trustee, who posted the notices, testified that, "He did not give full twenty-one days notice of his sale." We quote from his testimony: "Q. So your testimony is now, you posted them on the 14th and not on the 15th? A. Yes, sir, I remember the date. We generally wait two or three days, but that day I got them up in his office and posted them on that date. It was about—well, I don't remember what time of day now. I testified it was in the morning before but I believe it was somewhere in the afternoon around two o'clock." The sale was made on the 5th day of October; so twenty-one days notice was given excluding the day of posting and the day of sale.

The following summary of the pleadings, taken from appellee's seventh counter proposition, denies the assignment that appellee did not allege that it was the owner and holder of the note in controversy: "Where in this suit on the promissory note Appellee alleges that prior to July 26, 1929, Appellant had purchased certain property in the City of Beaumont, and as a part consideration for such purchase assumed and agreed to pay a vendor's lien against said premises in the amount of $10,000.00, and that such vendor's lien was transferred to Appellee and on July 26, 1929, an additional $4,000.00 was loaned by Appellee to Appellant, and that on said date Appellant, for a valuable consideration, made, executed and delivered to Appellee a $14,000.00 note given in aid and extension of the original $10,000.00 vendor's lien note executed by Chas. F. Gerlach and payable to R. L. Paderas and wife, Noelie Paderas, and which had been transferred to Appellee; and Appellee further alleges that said $14,000.00 note and each and all liens securing the same were extended and evidenced by a $15,710.00 note executed by Appellant to Appellee October 11, 1934; Appellee has sufficiently alleged the indebtedness of October 11, 1934, and the suit is on said indebtedness and not on the original Gerlach notes;" 6 Tex.Jur. 905, 907.

We give the eighth proposition: "The trial court erred in rendering judgment for Appellee because Appellee proved a cause of action upon five certain promissory notes made by Charles F. Gerlach, dated November 14, 1919, payable to the order of R. L. Paderas, et ux, and did not prove an assignment of said notes to it but on the other hand, proved an assignment from said payees to Mrs. Richard Flatto."

We overrule this proposition on the facts summarized in appellee's eighth counter proposition: "Where upon the trial Appellee introduced in evidence the original Gerlach notes indorsed in blank by R. L. Paderas and wife, the payees therein, and further introduced an assignment of said notes and lien to it from Mrs. R. Flatto, together with Appellee's $10,000.00 draft payable to Mrs. Flatto upon approximately the same date and Appellee further introduced an extension agreement executed by Appellant bearing date two days after the assignment from Mrs. Flatto to Appellee wherein Appellant acknowledges the assumption of the Gerlach debt by him and further, the transfer of said notes and liens to Appellee and that Appellee is the present owner thereof, and upon the trial Appellant introduces no testimony and does not in any way contradict the statements of said assignment from Mrs. Flatto to Appellee or the extension agreement from

Appellant to Appellee; Appellee has sufficiently proved the transfer of said notes to it and has met all of the burden of proof required under such status of the record."

On the pleadings and facts summarized above in answer to appellant's seventh and eighth propositions, we overrule the ninth proposition: "The trial court erred in rendering judgment for Appellee because Appellee's alleged cause of action was based upon five certain promissory notes, made by Charles F. Gerlach, dated November 14, 1919, payable to the order of R. L. Paderas, et ux, and neither plead nor proved an assignment of said notes to it."

By four separate counts by way of cross action, appellant prayed for damages against appellee, alleging that such damages proximately resulted from a void sale of his property by the trustee; the general demurrer was sustained against these allegations. On the 27th day of August, 1934, appellant executed and delivered to appellee the following instrument in writing:

"Whereas I am indebted to Security State Bank & Trust Company of Beaumont in the sum of Fourteen Thousand ($14,000.00) Dollars, interest paid to March 31, 1932, and bearing interest after maturity at the rate of 10% per annum as in said note provided, and said indebtedness evidenced by note dated July 26, 1929 in the sum of Fourteen Thousand ($14,000.00) Dollars due one year after date, and extended by written agreement to July 26, 1932 by instrument dated April 27, 1932 and recorded in Vol. 284 page 255 M & L Records, Jefferson County, Texas, and reference is hereby made to said extension agreement and to the two Deeds of Trust described therein for further description of said indebtedness and property mortgaged which property is described as follows: (Here was inserted a description of the mortgaged premises.)

"Whereas all of the above described property is being rented out to tenants for various sums of money, and it is my purpose to assign the rentals derived from all of the above described property and improvements to the said Security State Bank & Trust Company of Beaumont, same to be collected by said bank, its successors or designated agents, and inasmuch as all of said indebtedness is now past due, said bank is hereby authorized to collect all of the rents upon the property herein described, and apply same first to payment of any interest due or to become due on said indebtedness, then the balance, if any, to payment of taxes due upon said property, insurance and repairs to the improvements upon said property, and the balance, if any, shall be applied to the principal of said note above described.

"It being understood that any minor improvements or repairs may be made by said bank, its successors or authorized agents, but it is my desire that all major improvements, if any, to be made upon said property, shall be done with my consent, and that I am to be consulted with reference to same.

"It is, of course, understood that Security State Bank & Trust Company of Beaumont, or its agents, are to rent said property for the best possible price it may receive for same, and it is distinctly understood that this assignment of rentals shall in no way whatsoever affect the obligations above described or the security given therefor, and shall in no way have any effect upon the due date of said note above described, or the right to enforce the payment of said note, according to the conditions of same.

"This assignment of rental being merely for the convenience of all parties hereto.

"It is understood and agreed that the bank or its agents shall make up an itemized statement monthly showing all rents collected from said property above described, together with bill of costs, for repairs, etc. if any shall be made to the property above described, showing which house said rentals are for, and said statement shall be furnished each month to the said M. J. Cawley.

"It is also agreed that said bank shall furnish a statement to M. J. Cawley every ninety days on request of M. J. Cawley, showing how these rents collected have been applied as against the indebtedness above described, and whether to the payment of interest, taxes, repairs, principal or otherwise.

"It is also distinctly understood and agreed that said bank, its successors or authorized agents, are to be relieved of all liability of whatsoever kind or character that may result from the renting, or failure to rent, the property above described, or the Collections of rents from the tenants on the property above described, or any part of same."

This instrument was specially plead by appellant and made an exhibit to his cross action. By the first count, the damages claimed were based on actual fraud; by the second, on breach of a constructive trust; by the third, on breach of an express trust and waiver; by the fourth, on breach of an oral, collateral contract. We do not summarize the pleadings on these several issues for, if it be conceded that the allegations of the cross action, independent of the exhibit, state a cause of action, good as against the general demurrer, yet the exhibit controls these allegations; the alleged facts yield to the terms and conditions of the exhibit. McVeigh v. International Travelers Assurance Co., Tex.Civ.App., 101 S.W.2d 644; Thompson v. Schwan, Tex.Civ.App., 85 S.W.2d 945; 33 Tex.Jur. Sec. 17, p. 429. There was no allegation that the sale was made in violation of the terms and conditions of the exhibit attached to and made a part of the cross action, and the allegations were not sufficient to nullify and waive the conditions of the exhibit. We sustain the ruling on the general demurrer.

The judgment of the lower court is in all things affirmed.

Affirmed.