**H. D. DILLON, Appellant,**

v.

**BANK OF TEXAS, Appellee.**

No. 13698.

Court of Civil Appeals of Texas.

Houston.

April 20, 1961.

See also 346 S.W.2d 155.

Gerald B. Shifrin, El Paso, for appellant.

Butler, Binion, Rice & Cook, James E. Crowther, Houston, for appellee.

BELL, Chief Justice.

Bank of Texas filed suit on a promissory note dated June 7, 1958, that was executed by Robert B. Westberry and wife, Nora C. Westberry. The note was made payable to "Wayside Mobile Homes" in the principal amount of $2,129.49 and was payable in monthly installments of $70.99. It was secured by a chattel mortgage on a house trailer. The note and chattel mortgage were assigned to appellee. Too, there was a repurchase agreement under which the assignor agreed to repurchase in case of default by the makers. The assignment was signed "Wayside Mobile Homes, by H. D. Dillon, Owner." The repurchase agreement was signed in the same manner. Appellee brought suit against the makers of the note and H. D. Dillon individually and H. D. Dillon doing business as Wayside Mobile Homes. Judgment was sought against the makers and H. D. Dillon, individually and in his assumed name, for the unpaid balance owing, interest and attorney's fees, and foreclosure of the chattel mortgage. The trailer was sequestered. The makers of the note were dismissed from the suit because service could not be obtained on them.

Dillon, appellant, answered that he was not liable individually and that he individually did not do business as Wayside

Mobile Homes, but that this was the assumed name of Hank Dillon, Inc. He also alleged all dealings of appellee were in fact with Hank Dillon, Inc., d/b/a Wayside Mobile Homes.

Appellee filed its motion for summary judgment. Appellant, by affidavit, alleged the facts above set out in its answer together with some other alleged matters not pled and which we deem not here pertinent and which we will not specifically notice. The court granted the motion and rendered judgment against Dillon, individually and doing business as Wayside Mobile Homes for the balance due on the note, attorney's fees and foreclosing the mortgage.

Appellant takes the position that a fact issue existed concerning the identity of "Wayside Mobile Homes"; that he was entitled to show this was the assumed name of Hank Dillon, Inc., and if it was, Dillon was not personally liable; that he was entitled to show the actual dealings were with Hank Dillon, Inc.

Appellee contends this is a suit on a negotiable promissory note and since Hank Dillon, Inc. nowhere appears on the note, it cannot be held liable, but that in the assignment and repurchase agreement Dillon describes himself as owner of Wayside Mobile Homes and, therefore, only Dillon individually and doing business as Wayside Mobile Homes can be held liable.

■ We are of the view that there was no dispute as to any material fact and the trial court correctly rendered judgment against appellant.

■ The instrument is a negotiable one. Appellee is a guarantor. The mere reference in the guaranty and note to the fact the note is secured by a chattel mortgage does not destroy its character of negotiability. Camp v. Dallas National Bank, Tex.Com.App., 36 S.W.2d 994.

■ Only those persons who appear on the note as makers, endorsers or guarantors may be held liable. Camp v. Dallas National Bank, supra; First State Bank of Riesel v. Dyer et al., Tex.Civ.App., 248 S.W.2d 785, affirmed 151 Tex. 650, 254 S.W.2d 92.

Article 5932, Sec. 18, V.A.T.S., reads as follows:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. One who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

It will thus be seen that under the terms of Section 18 Hank Dillon, Inc. cannot be held liable because its name appears nowhere on the note, assignment or guaranty. Too, under it a person signing in an assumed name is liable to the same extent as if he had signed his own name.

■ Here Dillon signed "Wayside Mobile Homes" by himself as "Owner". He signed both the guaranty and the assignment in this manner. He thus in writing verifies, for the purpose of liability on the instruments here involved, that this is his trade name. He nowhere discloses the name of Hank Dillon, Inc. To allow Dillon to show Hank Dillon, Inc. was d/b/a "Wayside Mobile Homes" would vary the terms of the written instrument. This may not be done. Cavaness v. General Corporation, 155 Tex. 69, 283 S.W.2d 33.

Other complaints made by appellant are also without merit and are overruled.

The judgment of the trial court is affirmed.