A. B. STEWART, Appellant,

v.

P. C. STEWART, Appellee.

No. 7420.

Court of Civil Appeals of Texas.

Texarkana.

May 1, 1962.

Herbert Finkelstein, Houston, for appellant.

DeLange, Hudspeth & Putman, Houston, for appellee.

FANNING, Justice.

P. C. Stewart, as plaintiff, sued Bernard C. Malcuit and A. B. Stewart, as defendants, seeking declaratory judgment declaring plaintiff's ownership of a certain described lot in Harris County, Texas, removing all clouds from plaintiff's title thereto as constituted by all claims of defendants, and to recover a deficiency judgment, alleging plaintiff's ownership of a note secured by deed of trust upon such property, executed by defendant Malcuit and payable to the order of defendant A. B. Stewart, which note was assigned by defendant A. B. Stewart to plaintiff P. C. Stewart, with recourse; alleging default in payment of such note, foreclosure of the lien in the deed of trust by trustee's sale, purchase of the land at the trustee's sale by plaintiff, resulting in a deficiency which was asserted by plaintiff against both defendants. Defendant Malcuit did not file an answer. Plaintiff filed a motion for summary judgment accompanied by exhibits and affidavits. Defendant A. B. Stewart contested the motion for summary judgment and filed affidavits. The trial court severed the action for deficiency judgment, and rendered summary judgment on the action to confirm the trustee's sale and quiet title in favor of plaintiff against defendants. Defendant A. B. Stewart has appealed and presents three points on appeal.

By his first point appellant contends that since the trustee posted notices of sale on

August 15, 1960, and sold the property on September 6, 1960, the sale was invalid for lack of notice because September 5, 1960 (the 21st day) was Labor Day, a state holiday. By his second point appellant contends to the effect that the trustee's sale was invalid because the property had a fair market value of $12,500.00, was sold to the holder of the note for $2,500.00, that defendants had no actual notice of the sale, and that these facts in conjunction with the above described manner of advertising the sale, requires the court to set aside the sale as a matter of equity.

The deed of trust in this case provides for sale at trustee's sale, after default "* * * as provided in Article 3810, Revised Civil Statutes of Texas for 1925, after notice as provided in said article (but without any other notice than is required by said article 3810) * * *".

Said Article 3810 provides as follows:

"All sales of real estate made under powers conferred by any deed of trust or other contract lien shall be made in the county in which such real estate is situated. Where such real estate is situated in more than one county then notices as herein provided shall be given in both or all of such counties, and the real estate may be sold in either county, and such notice shall designate the county where the real estate will be sold. Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the date of sale in three public places in said county or counties, one of which shall be made at the courthouse door of the county in which such sale is to be made, and if such real estate be in more than one county, one at the courthouse door of each county in which said real estate may be situated, or the owner of such real estate may, upon written application, cause the same to be sold as provided in said deed of trust or contract lien. Such sale shall be made at public vendue be-

tween the hours of 10 o'clock a. m., and four o'clock p. m. of the first Tuesday in any month. When any such real estate is situated in an unorganized county, such sale shall be made in the county to which such unorganized county is attached for judicial purposes."

The record in this case shows that the mortgagor was in default in the payment of the note secured by the deed of trust and that written notices were posted on August 15, 1960, at the courthouse door of Harris County, Texas, and two other public places in said county, of the trustee's sale to be held on the first Tuesday in September, 1960, same being the 6th day of September, 1960, and the sale was held on that date, at 11:19 o'clock A.M. At such sale, the property was struck off to appellee upon his bid of $2,500.00, that being the highest and best bid received.

Said Article 3810 does not provide for the giving of personal notice of a trustee's sale to either the mortgagor or the endorser of the mortgagor's note.

The record in this case shows that the written notices in question were posted at the courthouse door of Harris County, Texas, and two other public places in Harris County, Texas, for three consecutive weeks prior to the day of sale. Art. 3810 contains no provision which would make material the fact that the 21st day of the statutory period might fall on a state holiday.

A trustee's sale will not be avoided merely because of inadequacy of price; for avoidance and in conjunction, there must be irregularity, though slight; which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price. Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, writ refused.

We hold that under the record in this case the notices of the trustee's sale were posted in accordance with said Article

3810; that there was no irregularity in the sale, and that the trustee's sale was valid. Appellant's first and second points are overruled.

■ We further hold that the action of the trial court in severing the cause of action to confirm the trustee's sale of the realty and to quiet title to the realty from the cause of action to recover a deficiency judgment does not constitute error. Rule 41, Texas Rules of Civil Procedure. Appellant's third point is overruled.

The judgment of the trial court is affirmed.