**W. R. DeMUTH, Appellant,**

v.

**Flossie O. HEAD, Appellee.**

**No. 16315.**

Court of Civil Appeals of Texas.

Dallas.

March 6, 1964.

Rehearing Denied April 17, 1964.

Jonathan H. Allen, Dallas, for appellant.

Eades & Eades, Eric Eades, Jr., Dallas, for appellee.

DIXON, Chief Justice.

Appellant DeMuth brought suit against appellee Flossie O. Head individually alleging that appellee is indorser of a certain promissory note in the principal sum of $1,050.00. Summary judgment was rendered in favor of appellee.

A copy of the note is attached to appellant's petition as an exhibit. The note was signed by Paskel A. Jones as maker and is payable to the order of Rags to Riches, Inc. The indorsement by which the note was sold and transferred to appellant DeMuth

is signed as follows: "RAGS TO RICHES, INC. BY Flossie Head, President."

Appellee's answer consists of a general denial and a verified specific denial that she executed the assignment of the note or that she guaranteed payment thereof.

█ Since appellee did not attach any affidavits or other proof to her motion for summary judgment, her motion is directed solely at the adequacy of appellant's pleadings. Gibler v. Houston Post Co., Tex. Civ.App., 310 S.W.2d 377; Brownson v. New, Tex.Civ.App., 259 S.W.2d 277.

██ Though appellant alleged that appellee indorsed the note, the attached copy of the note shows very plainly that it was not indorsed by appellee Flossie Head, but was indorsed by Rags to Riches, Inc. In case of such a variance the instrument attached as an exhibit, not the allegations in the pleadings, must govern. Pyron v. Grinder, 25 Tex.Supp. 159, 160; Cawley v. Security State Bank & Trust Co., Tex.Civ. App., 126 S.W.2d 715; Paul v. Houston Oil Co., Tex.Civ.App., 211 S.W.2d 345.

█ In his supplemental petition appellant alleges that Rags to Riches, Inc. is but the alter ego of appellee, Flossie Head. The allegation is immaterial in this case.

In Farrier v. Hopkins, 131 Tex. 75, 112 S.W.2d 182, the Commission of Appeals in an opinion adopted by the Supreme Court said that it is an ancient rule of law that as to instruments which at common law were required to be executed under seal and as to negotiable instruments parol evidence would not be permitted to bind those not a party to such instruments. The court further said, "They cannot be made the obligation of some one not a party by extrinsic proof, regardless of what are the real facts. * * * parol proof to show liability of the real principal is inadmissible because tending to add to or alter the terms of the written instrument." See also Frankfurt v. Wilson, Tex.Civ.App., 353 S.W.2d 490, 492; Dillon v. Bank of Texas, Tex.Civ. App., 346 S.W.2d 153; First State Bank of

Riesel v. Dyer, Tex.Civ.App., 248 S.W.2d 785 (affirmed 151 Tex. 650, 254 S.W.2d 92); and Sheehan v. Hudman, Tex.Civ.App., 49 S.W.2d 953.

Rags to Riches, Inc. is shown by the note itself to be the indorser, not Flossie Head individually. Under the above authorities parol evidence is not admissible to show that Rags to Riches, Inc. was merely the alter ego of Flossie Head.

Appellant's points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.

## ON REHEARING

In his motion for rehearing appellant asserts that regardless of whether appellee is individually liable on the note in question appellant has a cause of action against appellee under his allegation that he is entitled to an implied vendor's lien on property conveyed by appellant to appellee. In his petition appellant alleges that the note endorsed by Rags to Riches, Inc. was delivered by appellee to appellant as part of the purchase price of certain described real property conveyed by appellant to appellee.

█ Appellant's contention is without merit. The fact that appellant accepted the endorsed note of Paskel A. Jones as part of the consideration of the conveyance to appellee raises a presumption that appellant waived any implied vendor's lien. The presumption unless rebutted will establish the fact of waiver by appellant. Westmoreland v. Masterson, Tex.Civ.App., 79 S.W.2d 655; Strain v. Martin, Tex.Civ.App., 183 S.W.2d 246. Though a presumption does not have the effect of shifting the burden of proof in a suit, it does place on the opposite party the burden of introducing evidence to overcome the prima facie case established by the presumption. See 23 Tex. Jur.2d 105, and cases cited under Note No. 1; and 23 Tex.Jur.2d 135, and cases cited under Note No. 14.

In the case now before us appellant neither pled nor proved any facts in rebuttal of the presumption raised by his own pleadings.

The motion for rehearing is overruled.

Overruled.