Adalberto HINOJOSA et al., Appellants,

v.

J. M. LONGORIA et al., Appellees.

No. 14327.

Court of Civil Appeals of Texas.

San Antonio.

July 9, 1964.

Rehearing Denied July 22, 1964.

Pope & Pope, Rio Grande City, and Hill, King & McKeithan, Mission, for appellants.

F. R. Nye, Jr., and Emilio Gutierrez, Rio Grande City, for appellees.

PER CURIAM.

The question presented by this appeal is whether three contestants filed their election contest within ten days from the date of declaring the result of the election, as required by Sec. (3), Article 13.30, V.A. T.S., Election Code. The trial court sustained a plea to the jurisdiction on the grounds that the contest was filed one day late and contestants have appealed. We must determine whether in computing the time, the day of the event should be included, as the trial court ruled, or excluded as contestants urge.

On May 5, 1964, the Starr County Democratic Executive Committee certified the contestees as winners of the May 2 Democratic primary. Contestants filed this contest on May 15. Contestants urge that the Texas Rules of Civil Procedure govern the computation of time in election suits and that Rule 4 expressly excludes the day of the event. In our opinion, the Supreme Court has decided that election contests are not governed by Rule 4. Nunn v. New, 148 Tex. 443, 226 S.W.2d 116. However, the Supreme Court, independent of Rule 4, held in Home Insurance Co., N. Y. v. Rose, 152 Tex. 222, 255 S.W.2d 861: "The established rule in this state and in most of the other states is that when time is to be computed from or after a certain day or date, the designated day is to be excluded and the last day of the period is to be included unless a contrary intent is clearly manifested by the contract."

Nunn v. New, supra, was an election recall case and the court had to determine whether a recall petition was filed within the required thirty days after the filing of an affidavit with the City Secretary. The affidavit was filed on December 3, 1948. The petition was filed on January 3, 1949. The Court in stating the facts said that the petition was filed thirty-one days after the affidavit. If the Supreme Court had counted the day of the event, the filing of the affidavit, the time would have been thirty-two days. It is our judgment that the time requirement in Sec. (3), Article 13.30 of the Election Code, contemplated the exclusion of the day of the event from which the time is measured. By counting

the days in this manner, the election contest was filed on the tenth day and was timely. Hardy v. City of Throckmorton, Tex.Civ.App., 70 S.W.2d 775. The plea in abatement should not have been sustained.

The judgment of the trial court is reversed and the cause remanded. Motion for rehearing must be filed on or before July 16, 1964.