**James H. HUTSON, Appellant,**

v.

**L. E. SADLER et al., Appellees.**

**No. 658.**

Court of Civil Appeals of Texas, Tyler.

Nov. 1, 1973.

Rehearing Denied Dec. 6, 1973.

---

Holt & Tatum, Marion G. Holt, Nacogdoches, for appellant.

Thompson, Stripling & Sutton, A. J. Thompson, Nacogdoches, for appellees.

McKAY, Justice.

James H. Hutson, plaintiff below and appellant here, brought this suit against L. E. Sadler and husband, O. Sadler, Forest Lacey and Waymond Lacey, alleging that appellant was the owner of two tracts of land by virtue of the will of Monroe Simpson. Appellant alleged that the land was the separate property of Monroe Simpson, and that Monroe Simpson was dead and appellant was the beneficiary under his will which had been probated. Appellant also sought to set aside a deed from Novella Simpson, surviving wife of Monroe Simpson, to L. E. Sadler, and a deed of trust sale and trustee's deed on the same property alleging that the notice of such sale was not posted as required by law. After a trial before the Court without a jury, judgment was rendered for appellees.

Monroe Simpson purchased the land in question in May, 1951, while he was single. In February, 1952, he married Novella Simpson. Monroe executed his will in April, 1968, making appellant beneficiary of all his property and appointing appellant independent executor. In February, 1969, Monroe and Novella Simpson decided to improve the property, and they signed a note for $1,068.89, and entered into a contract for labor and materials and executed a deed of trust. The deed of trust lien and note were transferred to appellee, L. E. Sadler, in September, 1970.

On May 4, 1970, Monroe Simpson died, leaving the property to appellant Hutson under his will. On May 13, 1970, Novella Simpson executed a warranty deed to L. E. Sadler to cover cost of funeral expenses, reciting that the land was community property. On May 21, 1970, appellant made application to probate the will of Monroe

Simpson and on June 8, 1970, the will was admitted to probate.

On October 13, 1970, A. J. Thompson, Substitute Trustee, posted notice that the property was to be sold on November 3, 1970, and on the latter date it was sold and a trustee's deed was executed to L. E. Sadler, the high bidder.

Appellant contends the trustee's deed is void because the notice of such sale was not posted in the time required by law. Art. 3810, Vernon's Ann.Tex.St., provides:

> " * * * Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the date of sale in three public places in said county or counties * * *."

The notice of sale was posted on October 13th, and the sale took place on November 3rd. If the day of posting the notice of sale is included in computing the time, then the notice was posted for exactly twenty-one days prior to the day of sale; if it was not so included, there would have been only twenty days elapsed before sale exclusive of the day of sale. If the day of sale is included in computing the time, exclusive of the day of posting, then the notice would have been posted for twenty-one days. In other words, if either the day of posting or the day of sale is included in computing the time, then there would have been twenty-one days. The deed of trust provided that notices should be posted " * * * for 21 days in accordance with the Laws of Texas regulating sales of real estate under deeds of trust; * * *."

 The deed of trust provision that notices should be posted "for 21 days in accordance with the Laws of Texas regulating sales of real estate under deeds of trust" calls for a construction of the applicable language of Art. 3810, set out above. The statute provides that notice shall be given "for three consecutive weeks *prior* to the day of sale * *." The word *prior* is defined as meaning before; earlier in time

or order; preceding; the former; earlier. Webster's Seventh New Collegiate Dictionary, G. & C. Merriam Co.; Black's Law Dictionary, Rev. Fourth Ed. It seems that a strict construction of the language of the statute leads to the conclusion that notice must be posted for three consecutive weeks exclusive of the day of sale. Therefore, if the day of posting is counted, the notices would have been posted for three weeks or 21 days prior to the day of sale. (Emphasis added.) We find no Texas authority which prohibits including the day of posting when the day of sale is excluded in computing time for a deed of trust sale. We hold, therefore, that the posting of notices on October 13th for a deed of trust sale on November 3rd was in compliance with both the deed of trust language and the statute.

If we be mistaken in this interpretation, then we believe that the posting of notices in the instant case was sufficient under the established rule in Texas for computing time on and after a certain date or time.

While no case directly in point has been cited, nor have we found one, there are a number of authorities which are persuasive. In Home Ins. Co. v. Rose, 152 Tex. 222, 255 S.W.2d 861 (1953) is found this language:

> "The established rule in this state and in most of the other states is that when time is to be computed from or after a certain day or date, the designated day is to be excluded and the last day of the period is to be included unless a contrary intent is clearly manifested by the contract."

The *Rose* case has been followed numerous times. See Pitcock v. Johns, 326 S. W.2d 563 (Tex.Civ.App.–Austin, 1959, writ ref'd); Villarreal v. Brooks County, 470 S.W.2d 60 (Tex.Civ.App.–San Antonio, 1971, no writ); Hinojosa v. Longoria, 381 S.W.2d 140 (Tex.Civ.App.–San Antonio, 1964, writ dism'd). Rule 4, Texas Rules of Civil Procedure, provides that in computing any period of time prescribed or

allowed by the rules, court orders or by any applicable statute, the day of the act, event or default after which the period of time begins to run is not included, but the last day of the period is to be included.

Chief Justice Hickman in Nunn v. New, 148 Tex. 443, 226 S.W.2d 116 (1950) wrote:

"The rule has long been firmly established in this State that where a statute requires that an act be done within a specified time, such as that specified here, the last day will not be excluded and the length of time thereby extended when that day falls on a legal holiday or Sunday, unless the statute so provides."

The *Nunn* case has also been followed several times. See De Leon v. Holt, 322 S.W.2d 659 (Tex.Civ.App.–Austin, 1959, no writ); Fidelity & Casualty Co. of N. Y. v. Millican, 115 S.W.2d 464 (Tex.Civ.App.–San Antonio, 1938, writ ref'd); Stewart v. Stewart, 357 S.W.2d 492 (Tex.Civ.App.–Texarkana, 1962, no writ).

In Cawley v. Security State Bank and Trust Co., 126 S.W.2d 715 (Tex.Civ.App.–Beaumont, 1939, writ ref'd), the court upheld the sufficiency of the posting of notices for sale under a deed of trust where the posting was on September 14th and the sale was on October 5th by saying, "The sale was made on the 5th of October; so twenty-one days notice was given excluding the day of posting and the day of sale."

As pointed out in footnote in 98 A.L.R. 2d 1429, the court miscalculated in *Cawley*; the time between September 14th and October 5th, exclusive of the day of posting and the day of sale, is only 20 days. Obviously, in order to compute 21 days in *Cawley* it was necessary for the court to include either the day of posting or the day of sale. In addition, *Cawley* does not say it is necessary to exclude both the day of posting and the day of sale in computing the time.

The general rule of construction in other jurisdictions seems to be that one terminal day should be included and the other excluded, and the more accepted method excludes the first day but includes the last day. See 98 A.L.R. 1427, et seq.

Rule 647, T.R.C.P., provides that the time and place of sale of real estate under execution or order of sale shall be advertised "once a week for three consecutive weeks preceding such sale" and "The first of said publications shall appear not less than twenty days immediately preceding the day of sale." We believe the same construction should be made of Art. 3810, V.A.T.S., as Rule 647 sets out for sales of real estate under execution. Rule 647 was taken from repealed Art. 3808, V.A.T.S., which had the same provision that "the first of said publications shall appear not less than twenty days immediately preceding the day of sale."

It is our opinion that under our construction of the statute, or under the above authorities, the notices posted in the instant case were in compliance with both the requirement of the deed of trust and the statute. Appellant's point two is overruled.

■ Appellant also contends that the trustee's deed resulting from the trustee's sale is void and should be set aside because the notice of sale recited that O. Sadler was the holder of the note and lien and had appointed A. J. Thompson substitute trustee, whereas the trustee's deed recited that L. E. Sadler was the holder of said note and lien and had appointed Thompson substitute trustee.

In 55 Am.Jur.2d, Mortgages, Sec. 647, p. 598, is found this language:

"The object of a notice of sale is to inform the public of the nature and condition of the property to be sold, and of the time, place and terms of the sale. Notices are given for the purpose of se-

curing bidders, and to prevent a sacrifice of the property. If these objects are attained, immaterial errors and mistakes will not affect the sufficiency of the notice; but if any mistakes or omissions occur in the notices of sale, which are calculated to deter or mislead bidders, to depreciate the value of the property, or to prevent it from bringing a fair price, such mistakes or omissions will be fatal to the validity of the notice, and also to the sale made pursuant thereto. * * * "

The notice of trustee's sale in the record reveals that it does accurately set out the original debt, the names of the parties who made the debt by note and trust deed, the recordation of the deed of trust in the records of Nacogdoches County, and a description of the property. Such notice sets out the unpaid balance of the note, and designates the time and place of the sale. The complaint is that the notice stated that O. Sadler was the owner and holder of the note, whereas the deed set out that L. E. Sadler was such owner and holder. We believe the notice sufficiently met the requirements of the deed of trust and the statute. Mortimer v. Williams, 262 S.W. 123 (Tex.Civ.App.–Dallas, 1924, no writ); Stone v. Watt, 81 S.W. 2d 552 (Tex.Civ.App.–Eastland, 1935, writ ref'd). The record reveals that the substitute trustee mailed a letter to appellant on the day notices were posted advising him of such posting and the day of sale, and enclosing a copy of the notice. Appellant's third point is overruled.

By appellant's first point, he contends that the deed from Novella Simpson to L. E. Sadler should be set aside because the evidence is uncontradicted that the property was the separate property of Monroe Simpson and as such Novella Simpson owned no interest which she could convey to L. E. Sadler. This point is overruled. Having held the notices of the sale under the deed of trust were sufficient, and therefore the deed of trust was valid, it be-

comes immaterial whether Novella Simpson owned any interest in the property which she could convey.

The judgment of the trial court is affirmed.