**Keith H. NEWMAN, Appellant,**

v.

**WOODHAVEN NATIONAL BANK,
INC., Appellee.**

**No. 2–88–207–CV.**

Court of Appeals of Texas,
Fort Worth.

Dec. 29, 1988.

Keith Hayes Newman, Fort Worth, pro se.

Gandy, Michener, Swindle, Whitaker & Pratt and Bruce W. McGee, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This appeal challenges the trial court's order dissolving a temporary injunction. Keith H. Newman, appellant, was given notice by Woodhaven National Bank, appellee, of its intention to foreclose a deed of trust lien against appellant's residence. In response, appellant obtained a temporary restraining order, restraining the scheduled trustee's sale. Subsequently, the trial court refused to grant the temporary injunction sought by appellant, and appellee conducted the trustee's sale on May 3, 1988. Appellant then obtained a temporary injunction preventing appellee from dispossessing him of the property, which temporary injunction was later dissolved by the trial court, giving rise to this appeal.

We affirm.

Appellant brings forward two points of error. He argues, in the first point, that the trial court erred in granting judgment for the appellee that its "Default Notice and Right to Cure Notice" complied with section 51.002(d) of the Texas Property Code. In his second point of error, appellant argues: "[t]he Trial Court erred in

granting judgement (sic) that as a matter of Law, the day of service and the day of foreclosure are not both excluded [in computing the required notice], when in fact they are."

We realize appellant is acting pro se herein. Having given that due consideration, as well as construing appellant's pleadings liberally, and having given appellant wide latitude in that regard, it is apparent that appellant has failed to preserve for appeal his point of error number one.

■ Appellant raises for the first time on appeal the complaint that he was not given adequate notice pursuant to TEX. PROP.CODE ANN. sec. 51.002(d) (Vernon Supp.1989). However, even assuming arguendo that appellant's first point of error is properly before us, which we hold it is not, the point must be overruled.

Appellant complains that appellee failed to give him the required twenty days notice to cure his default on his promissory note to the bank, before the entire debt is due and notice of sale is given. Appellant argues that he was not afforded the opportunity to cure the default.

The language which appellant contends appellee violated, is the following:

> (d) Notwithstanding any agreement to the contrary, the holder of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or contract. The debtor must be given at least 20 days to cure the default before the entire debt is due and notice of sale is given.

*See* TEX.PROP.CODE ANN. sec. 51.002(d).

On February 1, 1988, appellee sent appellant a document by certified mail advising him that his note was in default and that he had twenty days to cure such default. Appellant was further advised that in order to cure such default he would have to pay to appellee the full amount of principal and interest due and owing on the note. We note that the promissory note, by its own terms, matured and became fully due and payable on December 3, 1987, almost two full months prior to the issuance of the default notice by appellee.

There can be no dispute that the letter gave appellant "at least 20 days to cure the default." Appellee on March 10, 1988, sent appellant notice of its intention to foreclose its deed of trust lien on the property. In reality, appellant actually had from February 1st until March 10, 1988 to cure his default, nearly twice the amount of time actually required by the statute. Appellee satisfied the requirements of TEX.PROP. CODE ANN. sec. 51.002(d). Appellant's first point of error is overruled.

■ By his second point of error, appellant complains that appellee's notice to him of the foreclosure sale of the property does not comply with the requirements set forth in the property code for such notices. Specifically, appellant complains that notice of the proposed sale was not given to him at least twenty-one days before the date of the sale.

It is undisputed that appellee gave appellant, on April 12, 1988, by certified mail, notice of the scheduled foreclosure sale. It is also undisputed the sale was actually conducted on May 3, 1988. Appellant argues that section TEX.PROP.CODE ANN. sec. 51.002(b) (Vernon Supp.1989), which requires twenty-one days notice of such a sale, was not complied with in this instance.

The crux of appellant's argument is that excluding the day of notice and the day of sale, twenty-one days must fall between the two days. Appellant's contention is incorrect. While appellant has not referred us to any cases interpreting section 51.002(b) as amended effective January 1, 1988, several cases have addressed the issue of which days should be included in calculating the amount of notice given in a notice of foreclosure sale situation. The language in section 51.002(b) "at least 21 days before the date of sale" is identical to the statute as it existed before January 1,

1988. Section 51.002, is a codification of TEX.REV.CIV.STAT.ANN. art. 3810.[1] At the time it was repealed, article 3810 contained similar language requiring at least twenty-one days notice preceeding the date of sale. The court in *Valley v. Patterson*, 614 S.W.2d 867 (Tex.Civ.App.—Corpus Christi 1981, no writ) holds that for purposes of computing the twenty-one day notice period, the depositing of the notice in the mail starts the calendar running. *Id.* at 871. In *Hutson v. Sadler*, 501 S.W.2d 728 (Tex.Civ.App.—Tyler 1973, no writ), the court, in interpreting article 3810, (which at that time required notice to be given "for three consecutive weeks prior to the day of sale" as opposed to the "21 days" currently required) concluded it could find "no Texas authority which prohibits including the day of posting when the day of sale is excluded in computing time for a deed of trust sale." *Id.* at 730. The court went on to hold that the posting of the notices on October 13th for a deed of trust sale on November 3rd was in compliance with the statute. *Id.* The court in *Hausmann v. Texas Savings & Loan Association*, 585 S.W.2d 796 (Tex. Civ.App.—El Paso 1979, writ ref'd n.r.e.) applied the holding in *Hutson*, relating to the notice requirement for posting, to the date of mailing, concluding that the twenty-one day period was inclusive of the day of mailing, and exclusive of the day of sale. Of the cases cited by appellant, only *Cawley v. Security State Bank and Trust Co.*, 126 S.W.2d 715 (Tex.Civ.App.—Beaumont 1939, writ ref'd) addresses the issue of the sufficiency of notice in a non-judicial foreclosure.

The *Cawley* case was directly addressed in *Hutson*, wherein the court noted that *Cawley* does not say it is necessary to exclude both the day of posting and the day of sale in computing the time. We agree.

Appellant's second point of error is overruled.

1. Article 3810 was repealed by Acts 1983 68th Legislature 3729, ch. 576 effective January 1, 1984.

The judgment of the trial court in dissolving the temporary injunction is affirmed.